**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JICARILLA APACHE NATION,**<br>**f.k.a. JICARILLA APACHE TRIBE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 02-25L**<br>**Judge Francis M. Allegra** |

**JOINT STATUS REPORT ON RECORD INDEXATION AND RECORD REVIEW**

Plaintiff, the Jicarilla Apache Nation, and Defendant, the United States, (the "parties"), hereby jointly report to the Court regarding their progress on an indexation plan to be submitted to the Court and on other matters.

## I. INDEXATION PLAN STATUS

Counsel for the parties met in Albuquerque January 25 and 26, 2005 to work on indexation and other discovery and document retention issues. On January 26, 2005, the parties met at one of the offices of the Bureau of Land Management ("BLM") in Albuquerque to assess the indexation, production, and movement of certain active trust records from that office to the Farmington, New Mexico BLM office.

Plaintiff asserts that, because the files at the BLM office were otherwise unindexed and had not been inventoried previously (notwithstanding the Defendants obligation as a trustee to have made, preserved, and made available to Plaintiff in a useful manner such records of Plaintiff's trust assets in the possession, custody, or control of Defendant and its agencies),

Plaintiff has spent several additional days at the BLM office inventorying the collection and marking documents for production. Defendant asserts that it has made available, and will continue to make available, to Plaintiff the nonprivileged documents that it requests to review for the litigation. Also, Defendant asserts that the discussion and review of the documents at the BLM location were part of the parties' provisionally agreed-upon method for addressing the indexing or inventorying of documents at various agency locations; that, prior to moving records related to the Jicarilla Apache Nation from the BLM offices in Albuquerque, New Mexico to BLM offices in Farmington, New Mexico, BLM would prepare a file-folder level inventory of the records to be moved; that Defendant would image certain of the documents related to the Jicarilla Apache Nation in Albuquerque before their move; and that Defendant would image other potentially relevant documents identified at the BLM Albuquerque offices that are not currently slated to be moved. It is Defendant's understanding that Plaintiff also wished to inventory further other records at the BLM offices that do not appear to be directly related to the Jicarilla Apache Nation, including records of the Navajo Nation. Nonetheless, Defendant acceded to Plaintiff's wish to create its own inventory of these records.

Plaintiff notes, for example, that the Navajo Nation has had significant oil, gas, and uranium development on its trust lands and that such natural resources are central to these cases. While Plaintiff does not wish to burden the Defendant with reproducing documents that may be needed depending on how this case proceeds, Plaintiff asserts both a need and a right to know what documents are available and where. Such documents relating to contemporaneous price, production, and market information for minerals (whether tribal, federal, or private) proximate to Plaintiff's trust lands are relevant to the Secretary's obligation

to determine the proper value of resources. For example, paragraph 3(c) of the standard Bureau of Indian Affairs lease form requires the Secretary to perform a major portion price analysis that incorporates oil and gas sales from the same "field," which may not be constrained by Plaintiff's Reservation boundaries.[1/] Managerial regimes for resources similar to the Plaintiff's are also relevant.

The parties expect that the review at the Albuquerque BLM office will provide useful "real world" experience as they continue to discuss the possibility of using on-site review as a part of an indexation plan to be proposed to the Court. In the December 7, 2004 status report, the parties informed the Court of Defendant's proposal to use such on-site reviews "to address the sufficiency of existing indices and to discuss what additional indexing, if any, would be appropriate for each collection." Plaintiff expects to propose revisions to the draft indexation plan that Defendant provided to Plaintiff on October 22, 2004, based on the BLM review.

---

[1/] Paragraph 3(c) of the standard lease, Form 5-157 (1964), reads: "During the period of supervision, 'value' for the purposes hereof may, in the discretion of the Secretary, be calculated on the basis of the highest price paid or offered (whether calculated on the basis of short or actual volume) at the time of production for the major portion of the oil of the same gravity, and gas, and/or natural gasoline, and/or all other hydrocarbon substances produced and sold from the field where the leased lands are situated, and the actual volume of the marketable product less the content of foreign substances as determined by the oil and gas supervisor. The actual amount realized by the lessee from the sale of said products may, in the discretion of the Secretary, be deemed mere evidence of or conclusive evidence of such value." *See Jicarilla Apache Tribe v. Supron Energy Corp.*, 728 F.2d 1555, 1567 (10th Cir. 1984) (Seymour, J., concurring in part and dissenting in part), *dissenting opinion adopted as majority opinion as modified*, 782 F.2d 855 (*en banc*), *supplemented*, 793 F.2d 1171, *cert. denied*, 479 U.S. 970 (1986) (interpreting major portion provision and holding that "[w]hen the Secretary is acting in his fiduciary role rather than solely as a regulator and is faced with a decision for which there is more than one 'reasonable' choice as that term is used in administrative law, he must choose the alternative that is in the best interests of the Indian tribe").

On January 25, 2005, the parties discussed a wide range of issues, including the adequacy of the Box Information Search System ("BISS") database. Plaintiff will reduce its concerns to writing and the parties will attempt to work cooperatively to address those concerns. Unresolved issues may be brought to the Court's attention.

## II. OFFICE OF TRUST RECORDS ("OTR") DOCUMENT REVIEW

Since the last status report, Plaintiff completed its review of boxes designated in May and June 2004. On February 10, 2005, Plaintiff began review of approximately 600 additional boxes at the OTR Renaissance facility in Albuquerque. These boxes are central office boxes that Defendant recently discovered had not been indexed in the BISS database. Rather than wait for indexing, Plaintiff agreed to review the collection in its entirety.

On February 11, 2005, Plaintiff provided to Defendant a list of supplemental designations for review. This list is comprised of approximately 1,000 boxes that have been indexed since Plaintiff's original designations in May and June 2004 and therefore were not available for designation at that time.

## III. OTHER ISSUES

Finally, as the Court was advised during the telephonic conference call on November 8, 2004, the parties have agreed to carve out one significant issue in an attempt to move it up on the ADR calendar. The ADR Judge, the Honorable Eric G. Bruggink, has agreed to meet with the parties on March 11, 2005 to discuss that issue and a schedule for its possible resolution. Judge Bruggink has entered an ADR order regarding the March 11, 2005 meeting in his chambers.

The parties shall report further to the Court on these matters of indexation and production of documents on or before April 1, 2005.

Respectfully submitted this 11th day of February, 2005.

s/Alan R. Taradash
Alan R. Taradash
Nordhaus, Haltom, Taylor,
Taradash & Bladh, LLP
405 Dr. Martin Luther King Jr. Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464

Attorney of Record for Plaintiff

s/Robert W. Rodrigues
Robert Rodrigues
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, DC 20044-0663
telephone: 202-305-0484
facsimile: 202-305-0506
Attorney of Record for Defendant

Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Deidre A. Lujan
Rodina C. Cave
Nordhaus, Haltom, Taylor,
Taradash & Bladh, LLP
405 Dr. Martin Luther King Jr Ave NE
Albuquerque, NM 87102
telephone 505-243-4275
Of Counsel

Donald H. Grove
Nordhaus, Haltom, Taylor
Taradash & Bladh, LLP
Suite 801
1401 K Street NW
Washington, DC 20005
telephone 202-530-1270
Of Counsel