# United States Department of the Interior

OFFICE OF THE SOLICITOR

October 8, 2004

Memorandum

To: Secretary
Solicitor
Assistant Secretary – Fish and Wildlife and Parks
Assistant Secretary – Indian Affairs
Assistant Secretary - Land and Minerals Management
Assistant Secretary – Policy, Management and Budget
Assistant Secretary – Water and Science
Inspector General
Deputy Assistant Secretary – Policy
Director, U.S. Geological Survey
Director, Bureau of Land Management
Director, Minerals Management Service
Commissioner, Bureau of Reclamation
Acting Director, Bureau of Indian Affairs
Special Trustee for American Indians
Director, Office of Trust Records
Director, Office of Historical Trust Accounting
Director, Office of Trust Fund Management
Associate Director, Mineral Revenue Management, MMS
Manager, Indian Oil and Gas Compliance and Asset Management, MMS
Regional Director, Southwest Regional Office, BIA
Superintendent, Jicarilla Apache Agency, BIA
Superintendent, Pueblo of Laguna Agency, BIA
Superintendent, Southern Pueblos Agency, BIA

From: Lawrence J. Jensen, Counselor to the Solicitor
W. Hord Tipton, Chief Information Officer

Subject: Court Orders regarding the Pueblo of Laguna and the Jicarilla Apache Nation

This memorandum is to remind employees of their responsibility to comply with the two orders issued by the United States Court of Federal Claims on March 19, 2004, in the cases entitled *The Pueblo of Laguna v. United States* and *Jicarilla Apache Nation v. United States*, **specifically the requirement to preserve hard drives containing information that is relevant to, or may** reasonably lead to the discovery of information relevant to, the management and accounting of the

EXHIBIT 2

the tribal resources and funds of the Pueblo of Laguna and the Jicarilla Apache Nation from August 13, 1946 to present ("relevant information").[1]

Documents and data potentially relevant to these cases are those that reflect, refer or relate to:

1. any asset, including funds and other assets and resources of the Pueblo of Laguna or the Jicarilla Apache Nation which is, or at any time has been, held in trust by the United States or its agents;
2. policies, procedures, guidelines, or correspondence relative to any aspect of the management or administration of such assets;
3. any proceeds, interest, or income from such assets; or disbursement, distribution, disposition or transfer of any such assets; and
4. any reports, appraisal, reconciliations, or evaluations of any such assets.

As a threshold matter, bureaus and offices must ensure that employees, who process, handle, or create data or documents relating to, or have responsibilities with respect to, the management and/or accounting of the tribal resources and/or funds of the Pueblo of Laguna and/or Jicarilla Apache Nation ("relevant employees"), are saving and maintaining all electronic data and documents on network storage devices and not on individual workstation hard drives. This is necessary to ensure that relevant data and documents are included in the network's recovery backup process.

In addition, bureaus and offices must ensure that hard drives of "relevant employees" are physically preserved, if they contain any "relevant information." Therefore, when a "relevant employee" discontinues the use of his or her hard drive because, for example, the employee has been assigned a new computer workstation, transferred to another location, retired, or had their employment terminated, any "relevant information" on their hard drive along with the physical hard drive itself must be preserved. If no "relevant information" has been saved to the hard drive, it is not necessary to preserve the physical hard drive.

Bureaus and offices are responsible for ensuring the proper storage and maintenance of these hard drives in a safe and secure environment. Bureaus and offices must also label and catalog all preserved hard drives with appropriate documentation to allow for meaningful search and recovery. At a minimum, the catalog information should include the "relevant employee's" name, office or bureau, title, and job description, along with a description of the functions and application of the hard drive, and the dates when the hard drive was last used and/or put into storage. Your office should also maintain a separate and current record of all of the label information listed on these hard drives.

---

[1] This time frame is a correction to the memoranda instruction previously issued by Larry Jensen, Counselor to the Solicitor, and Steve Griles, Deputy Secretary, to Interior employees explaining the nature and extent of the obligations that are imposed by the orders. The memoranda instructed that the relevant time frame for documents, data, and other tangible things that must be preserved is August 13, 1946 to January 8, 2002. This statement was in error. The relevant time frame is August 13, 1946 to the present. That means that the obligation imposed by the court orders referenced above are ongoing and do not have an end date.

To help your Chief Information Officer (CIO) keep track of hard drives that contain data related to the above-mentioned cases, please provide the following information in writing to your CIO and Brenda Riel in the Office of the Solicitor (6456 MIB) no later than COB October 22, 2004:

- A list of the names and job titles of all "relevant employees" in your bureau or office. The list should be updated as needed to reflect staff turnover, reassignments or other changes.

Bureau and Agency Directors, and Chief Information Officers must ensure that their employees understand and comply with these two preservation orders, including the requirement to preserve relevant hard drives, and will be held accountable for compliance. Any questions about this memorandum should be directed to Brenda Riel at (202) 208-3714.