IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE JICARILLA APACHE NATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 02-25L<br>Judge Francis M. Allegra |

**DECLARATION OF ANNE M. MEISTER**

I, Anne M. Meister declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am currently employed by the Department of the Treasury, Bureau of the Public Debt (BPD), as Deputy Commissioner. The mission of BPD is to borrow the money needed to operate the Federal Government and to account for the resulting debt. I have been employed by BPD for more than 30 years and have been in my current position since March 1999. As Deputy Commissioner, I have responsibilities for the overall operations of BPD. In addition, I have been extensively involved in the Tribal Trust litigation, as it has affected BPD. The matters set forth below are true to the best of my knowledge, or are based on information I have received from BPD employees.

2. BPD currently performs various activities for tribal trust funds, but none of these activities are for funds that can be specifically identified as belonging to the Jicarilla Apache Nation. In particular, BPD invests undifferentiated tribal funds and redeems these investments at the direction of the Interior Department. We record these activities on electronic media in the same systems used for all other funds, but these electronic records cannot show what funds, if any, belong to the Jicarilla Apache Nation.

EXHIBIT 10

3. BPD is currently retaining indefinitely electronic data that records the investment and redemption activities described in our April 2004 status report, either in a system's storage device or in archival storage media. In particular, these systems run the PARS, InvestOne, and FedInvest applications. If relevant data must be removed from these systems for archival storage, BPD follows a plan that ensures the data's retention in another media.

4. BPD protects these systems from catastrophic loss through the creation of backup tapes. These tapes are not designed to directly access any particular piece of data on the tapes, but rather to restore data to the relevant application should the need arise. BPD creates new backup tapes at regular intervals and re-uses these tapes. Full backups capture all relevant data from previous backup tapes as well as any new data accumulated in the system since the last backup.

5. In the context of our systems and applications used to perform investments and redemptions of trust funds, "metadata" refers to data that are attached to and travel with other electronic data automatically, so that transaction data can be identified, located, linked, or made accessible. BPD is preserving metadata to the same extent that it is preserving any electronic data that evidences the investments and redemptions made for tribal trusts.

6. In the context of our systems and applications used to perform investments and redemptions of trust funds, "computer and network logs" are general system logs that contain such information as the time and date that individual users logged into system computers, data related to the use of certain applications, and data related to security incidents. BPD is not taking any special measures to preserve computer and network

activity logs for purposes of this litigation. To the best of my knowledge, plaintiffs have not raised any issue in this case that would implicate BPD's logs.

7. BPD's web site can be found at http://www.publicdebt.treas.gov/. While some pages on this site are static, others draw dynamically upon data from relevant applications to provide information to the public. As an example, BPD uses an application to post the daily rates for state and local government securities at https://wwws.publicdebt.treas.gov/SZ/SPESDailyRate?requestType=R. BPD retains a copy of every static HTML web page, but not copies of dynamic web pages. Instead, BPD retains the underlying data used to create those dynamic web pages.

8. BPD keeps official records of its investments, redemptions, and accounting activities for tribal trust funds on the computer network, not on employees' personal computers. Accordingly, BPD has not made a special effort to retain PC hard drives for this litigation. When a PC hard drive becomes antiquated or otherwise unsuitable for use, BPD replaces it.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 17, 2005.

Anne M. Meister

Anne M. Meister