IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Jicarilla Apache Nation, formerly Jicarilla Apache Tribe, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-25L |
| | ) | Judge Francis M. Allegra |
| The United States, | ) | |
| Defendant. | ) | |

## DECLARATION OF HELENA LEE

I, Helena Lee, pursuant to 28 U.S.C § 1746, do hereby declare:

1. I am a resident of Silver Spring, Maryland, and have been employed by the General Services Administration ("GSA") for 14 years.

2. Since October 3, 2004, I have been the Director of the Indian Trust Accounting Division (hereinafter "ITAD"), a division with GSA's Chief Financial Officer Organization.

3. The mission of ITAD is to prepare accounting reports and other documentary evidence as requested by the Department of Justice (DOJ) for Indian Tribal Claims. ITAD is not directly involved in any work involving Indian Trust Funds for this case, however, any records ITAD would have that might be relevant to this case are those related to ITAD's past work. For the past two years, a competitive sourcing study of ITAD's function under OMB Circular A-76 has been conducted. The result of that study has been the outsourcing of the ITAD work to a contractor as of October 1, 2004. As

EXHIBIT 13

the Director, I oversee the contractor performing the ITAD work. This Declaration is based upon my personal knowledge as well as factual information gathered by me and by GSA staff.

4. I am specifically aware of the Orders of this Court, dated March 19, 2004, in the above styled case, requiring preservation of documents, data or tangible things that are relevant or may reasonably lead to the discovery of information relevant to the subject matter involved in the lawsuit.

5. RECORDS. ITAD has been involved in this case due to Department of the Interior records previously stored at the ITAD facility. The paper records pertaining to this case that were located at the ITAD facility, however, have since been shipped by the Department of the Interior (DOI), Office of the Special Trustee for American Indians, Office of Trust Records, from ITAD's facility in Lanham, MD, to DOI's facility located in Lenexa, Kansas. The only records remaining in ITAD custody are miscellaneous microfiche copies of DOI reports given to ITAD for other Indian Tribal claims cases. These reports were provided intermittently by DOI between 1977 and 1993. The only electronic records pertaining to this case in ITAD's possession, on the other hand, are the archived e-mails discussed below, the initial list of records to be researched for pertinent information provided to DOJ and two spreadsheets containing the index of our microfiche reports which are maintained on the ITAD server. No hard copy of the index or any other record is retained any longer at the ITAD facility. Any information that is abstracted from this index is transmitted electronically through ITAD e-mail to the requesting recipient(s) at the DOJ. The e-mail is then archived and retained on the

ITAD server. No data is retained on any PC hard drives. Backup of the data on the ITAD server is discussed in paragraph 9 below.

6. E-MAIL. E-mails are sent to or from ITAD through the GSA e-mail system on GSA e-mail servers. The ITAD associate's "Inbox" is located on these servers. However, when the ITAD associate archives their e-mail, it is saved to their individual archive folder on the ITAD server.

7. GSA E-MAIL SERVERS. GSA's e-mail server logs record all e-mail server activity for the entire agency. The server activity includes incoming e-mails to ITAD associates. GSA's servers are backed up on a daily basis. The daily backups are overwritten every 21 days. Information regarding the e-mails and any metadata regarding e-mail message routing is not retained in any accessible fashion. Such data is of minimal interest to this case, however, consisting only of the following: the type of activity (i.e. whether the message transferred or delivered); date and time of the activity; and the recipient of the message. The logs do not contain any information that would be indicative of the contents of a message. Rather, any unique data is contained within the actual message is archived as described below.

8. ITAD's SERVER. ITAD's involvement in this case has always been very limited in scope. Now that the DOI records have been removed from the ITAD facility, the agency's involvement in the case is negligible. ITAD associates involved were directed to retain all potentially relevant emails applicable to this case, which are then manually archived in their individual folders along with their metadata and automatically backed up on the ITAD server. E-mails sent to ITAD associates are kept in the "Inbox" for up to

60 days or until they are opened and archived by the individual associate. The messages and metadata are archived to the ITAD server.

ITAD's server is backed up to a tape on a daily basis. The back up tape made on the last day of the month is saved as that month's monthly tape. Only these monthly tapes are stored each month at an secured off-site facility. These backups are created primarily for disaster recovery; the daily back up tape is overwritten every 30 days and the monthly tapes are each reused and overwritten one year later. However, as long as the e-mails are not deleted from the ITAD server, they are copied during the ITAD server backup daily. As discussed above, ITAD associates have been instructed to retain all potentially relevant emails applicable to this case.

9. WEB PAGES. Currently, ITAD does not maintain a web page that contains documents or information related to the details of its work and, most importantly, nothing related to the instant case. ITAD's web presence consists of an organizational webpage that is maintained on the GSA intranet, a virtual private network and is not accessible to the general public. Publicly, ITAD is referenced within the organizational pages of GSA's public website. This website is available to the general public 24/7. Generally speaking, however, the organizational information retained on these pages is immaterial to this matter. A full backup of all pages on www.gsa.gov is run every 21 days for disaster recovery purposes. These tapes are not kept indefinitely and are eventually reused.

10. COSTS. Currently, the backups are automated and do not require manual intervention. To retain the backups of GSA's server indefinitely, we would need to add

very labor-intensive steps on a daily basis and would exceed our current contractor capacity. We would need to ensure that any new log procedures do not impact the automated backups currently in use. The new tapes would have to be mounted, dismounted and stored daily. In addition, a new storage location that meets environmental and security requirements would need to be created. It would also require additional storage tapes for e-mail logs on GSA's servers as well as separate storage tapes to backup ITAD's server indefinitely. Additional media would have to be purchased and manual intervention would be required to load, remove and store tapes. The initial investment for indefinite storage of all back up data would be approximately $135,000 plus additional personnel costs estimated at $35,000 per year.

This indefinite storage arrangement does not include any search capability. Once such a data collection was amassed, processing it to meet an inquiry would be an extremely burdensome task and outside the scope of our current operations. It would require additional contractor personnel and, quite possibly, an additional server to hold the data, depending on the scope of the inquiry. Unless the scope of the search is identified, the amount of additional personnel and costs that would be incurred is unknown.

The initial cost of backing up the webpages alone on www.gsa.gov indefinitely would be approximately $70,000 plus an additional $30,000 annually. Again, given what little information on ITAD is displayed on the webpage, the costs would be overly burdensome and would not include information that is material to this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 2, 2005.

Helena Lee

Director, Indian Trust Accounting Division

5000 - H Philadelphia Way

Lanham, MD 20706