IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Jicarilla Apache Nation,
Plaintiff,

v.

No. 02-25L
Judge Francis Allegra

United States of America,
Defendant.

---

SUPPLEMENTAL DECLARATION OF JAMES B. SNOW
UNITED STATES DEPARTMENT OF AGRICULTURE

NOW COMES, James B. Snow, who on the basis of his best information and knowledge, declares:

1. I am Special Counsel for Real Property in the Department of Agriculture, Office of the General Counsel, Washington, D.C., and in that capacity provide legal representation for the Forest Service, an agency of this Department. The statements in this declaration are based on information and data communicated to me from Forest Service personnel in its Southwestern Region headquartered in Albuquerque, New Mexico.

2. Efforts of the Department of Agriculture Forest Service to comply with the Court's Order of March 19, 2004, were set forth in my Declaration dated April 22, 2004. This Supplemental Declaration is to apprise the Court and the Parties of the Forest Service's preservation efforts regarding relevant electronic data.

3. The Forest Service has undertaken to safeguard what they believe to be relevant records in the Southwestern Region. However, the lack of specificity as to what is relevant makes this process difficult. Because the Forest Service does not manage tribal resources, and because National Forest resources are not managed under the same statutory authorities as tribal resources, the identification of relevant documents and information within the Forest Service is problematic at this time in the litigation.



**EXHIBIT 16**

4. Based on the limited information provided by Plaintiff, the Forest Service has taken steps to protect basic data regarding timber management on the Carson National Forest. We have concluded that this information is largely historical in nature. To the extent that relevant information exists, it exists in hardcopy files rather than in electronic form.

5. The Forest Service's preservation efforts are as follows:

a. *Backups.*

The Forest Service Southwestern Region's computer servers back up documents on the agency's data processing system. At any given time, these servers may back up in excess of 100,000 documents. These backed-up documents are not categorized by file numbers, but are stored and retrieved by reference to the users' personal files. There is no search capability for these documents except by user name and subject line. That is, one cannot locate documents through general word or subject searches. Accordingly, server back up systems cannot be relied upon for retrieval of particular information.

Concerning electronic document retention, computer files in the Southwestern Regional Office in Albuquerque are backed up using an IBM storage management system called Tivoli Storage Manager or "TSM" for short. An incremental back-up system is used whereby only files with changes made that day are backed-up, and unchanged files remain backed-up from previous days. The computer can recognize any file that has been changed for purposes of incremental back-up. Files are kept through seven versions of documents and those are retained on the system until ultimately deleted. Thus, if an employee creates a document, it will be backed up. Subsequently, the document can be modified and the latest seven versions will be backed up. After the seventh version, the system deletes the earliest. If an employee removes a document from the server, it will be backed up for 60 days.

To sustain the current back up system, 4 tapes are used per day. If the Forest Service were to retain files longer than the current seven versions, it would require purchasing a new TSM server and tape library to store the additional data. This is estimated to cost in excess of $150,000. In addition, there would be at least 100 hours of work to configure a new server and move the data to the new backup server.

Saving back up tapes beyond the normal retention period of seven versions would also require larger off site facilities which are fireproof, under lock and key, and provide access 24 hours, 7 days a week. Temperature and humidity controls are

required, as well as maintenance personnel. To retain indefinitely all Forest Service computer tapes could cost in excess of $100,000 per year.

In the normal course of agency business, the Forest Service does not require the kind of document retention capability discussed above, and the costs of making such changes in cash outlay and staff time would be significant. The small number of documents arguably relating to the claims in this case are, therefore, retained in hard copy form alone.

b. *E-mail.*

There are an estimated 100,000 daily email messages among the 3500 permanent employees of the Southwestern Region. The Forest Service email system is not set up for selective retrieval of information, as it is keyed to specific employees, and messages are not sorted by subject matter. Furthermore, as discussed above, the Forest Service lacks specific information regarding which particular email messages might meet Plaintiff's needs for information and data.

Messages retained in the system are currently backed up nightly and retained for 5 weeks. The Forest Service has also directed employees receiving e-mails appearing to relate to Plaintiff's claims, to print off and retain hard copies of any such messages. To electronically back up and store extra tapes for an indeterminate amount of time would involve the purchase of extra tapes costing approximately $100 per tape, along with additional server storage space. Owing to the costs and the uncertainty as to what constitutes a relevant email document, the Forest Service believes its present policies of retaining hard copies are adequate and reasonable.

c. *Metadata.*

As noted above, any relevant Forest Service records that exist are likely in hardcopy files rather than in electronic form. For metadata associated with any electronic documents retained on the Forest Service operating system (*e.g.* metadata which travels with the electronic data), such data is not likely to contain relevant information that speaks to any of the plaintiff's substantive claims in this litigation. Rather, metadata primarily involves matters pertaining to computer formats and other system identifications. However, to the extent that metadata travels with the electronic data, it is retained, as described in section (a), above.

d. *Computer Network and Activity Logs.*

Concerning user and activity logs, the Forest Service computer system has the same practical deficiencies as noted for email and document retention. While such logs may be accessible at any given time, the data processing system is keyed to individual users and is not designed to identify and preserve documents by file designation, key words, or similar search tools. For example, logs only record when a person gets on the system and when they get off, but do not indicate with whom they communicated at a given time or indicate the substance of the communication. The logs are currently backed up automatically and saved for a period of 18 months.

e. *Web Site.*

The Forest Service's internet web presence is extensive with interlinked sites for the Washington, D.C. national office, 9 Regional offices, and for each unit of the National Forest System comprising over 150 national forests and grasslands. The Forest Service maintains internet web pages generally accessible by any member of the public, including the Plaintiffs. These web pages contain current information of public interest for users of the National Forests such as where to camp, rules and regulations, fees, and sources of information for public. The public web pages also have links to Forest Service policies and handbooks, and historical versions of the policies and handbooks exist in hard copy.

The Forest Service makes periodic backups of its web sites, but the backups are not retained indefinitely. The costs of backing up all web pages indefinitely for the Forest Service internet presence would be extraordinary due to the number of individual sites (over 160), and the number of links at each site. Limiting such back-ups to the Southwestern Region and the Carson National Forest would require an extensive amount of coordination and staff time in addition to costs. The costs are estimated to be in excess of $100,000 per year. Given that the web pages are available to the public on any day and at any time, the Forest Service does not deem it effective to perform indefinite backups.

f. *Hard Drives.*

The Forest Service policy is that all business documents are retained on the corporate server, not on individual hard drives. While official email and lotus notes may be saved on an individual computer hard drive, they are also routinely retained on the corporate servers. Therefore, any documents on the hard drive are duplicative of documents on the corporate server. For this reason, the Forest Service does not retain hard drives for an indeterminate period of time.

When an employee receives a new computer, the current Forest Service practice is to first copy to the new computer's hard drive any data from the old hard drive which the employee deems important and to then erase the old hard drive. This procedure is important for two reasons. First, there is a significant security problem in retaining unerased hard drives which may have confidential information. Second, taking the hard drive out of a surplus computer renders that machine worthless for resale or other uses. To retain old hard drives would be costly in terms of storage and security requirements as well as the lost value the old computer may have had. To disrupt this regime would be burdensome in light of the agency's current practices, as well as duplicative of documents already maintained on the corporate server.

When an employec leaves the Forest Service by retirement, transfer or otherwise, any hard drive data of institutional importance is stored on the corporate sever and the hard drive is erased.

6. Based on the limited information that the Forest Service has regarding what is relevant to this litigation, the agency believes that it has taken reasonable steps to preserve relevant documents and data with respect to the aforementioned electronic media.

7. The Forest Service is willing to discuss with plaintiff the nature and extent of any additional relevant documents to the extent that any documents described above are not sufficient for plaintiff's purposes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and information. Executed this 2nd day of March, 2005.

James B. Snow

James B. Snow
U.S. Department of Agriculture
Office of the General Counsel
Washington, D.C. 20250-1400
(202) 720-6055