UNITED STATES COURT OF FEDERAL CLAIMS

JICARILLA APACHE NATION, formerly
JICARILLA APACHE TRIBE,

Plaintiff,

v.

No. 02-25 L
Hon. Francis M. Allegra

THE UNITED STATES,

Defendant.

**ADR CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

THIS MATTER comes before the Court pursuant to the parties' Joint Motion for Entry of ADR Confidentiality Agreement and Protective Order.

The Court has reviewed the Motion and finds that good cause exists for modification of the Confidentiality Agreement and Protective Order entered in this case on April 19, 2004 as provided herein pursuant to RCFC 26(c), RCFC 16(c)(12), and RCFC Appendix H, ¶ 3(d). Entry of this Order will facilitate the free flow of information among the parties and Settlement Judge, which may assist the parties in resolving this case pursuant to the Court's Alternative Dispute Resolution ("ADR") program.

IT IS THEREFORE ORDERED that the Confidentiality Agreement and Protective Order entered in this case on April 19, 2004 ("the CAPO") is hereby supplemented and modified in the following manner:

1. In the course of the ADR proceedings, either party may produce records to the other party for which the producing party claims a privilege or a protection from disclosure.

2. In addition to or in lieu of preparing privilege logs and redacting records pursuant to paragraph 3 of the CAPO, a party may designate particular records or categories of records as ADR privileged. Such records shall be labeled ADR PRIVILEGED in addition to being labeled CONFIDENTIAL in accordance with paragraph 8 of the CAPO.

3. Records that are designated as ADR privileged pursuant to this Order and all copies, notes, and recordings thereof (collectively hereinafter, "ADR privileged records") shall be used solely for ADR proceedings in this case. Such ADR privileged records shall be treated as communications within the scope of the ADR proceedings under RCFC Appendix H ¶ 3(d).

4. The disclosing party's claims of privileges and protections from disclosure for ADR privileged records, including without limitation the attorney-client privilege, the deliberative process privilege, and the attorney work-product protection, shall be preserved and not waived as against the receiving party and third parties. The use of ADR privileged records in or for the ADR proceedings shall not constitute a waiver of any privilege as to the receiving party or third parties nor shall their use in settlement discussions subject them to disclosure under the Freedom of Information Act, 5 U.S.C. § 552.

5. Unless otherwise agreed by the parties or authorized by the Court, a party may disclose or provide access to ADR privileged records so designated by the other party pursuant to this Order only to the following: (a) attorneys of record in this action and attorneys, paralegals, and support staff in their offices in the course of representing the parties herein; (b) Plaintiff's tribal officials and experts, consultants, contractors, and copy or computer service personnel retained by the parties or the parties' attorneys to assist in this case and persons in their employ; and (c) the Settlement Judge to whom this case was referred by order of the Court on December 13, 2002, and his staff, consistent with paragraph 15 of the CAPO. Before reviewing ADR privileged records in this case, the aforementioned individuals (excluding the Settlement Judge and his staff) shall personally review this ADR CAPO and execute and date an acknowledgment as follows:

> I acknowledge that I have read the ADR Confidentiality Agreement and Protective Order that was entered into by the Jicarilla Apache Nation and the United States of America in *Jicarilla Apache Nation v. United States*, No. 02-25L (CFC). I understand and agree to comply with its terms.

The parties' respective attorneys of record shall retain all such acknowledgments and shall provide copies thereof to opposing counsel upon request.

6. The parties shall not file with the Court at any time in this action any motion, brief, pleading, or other filing or submission which attaches, quotes, or paraphrases any ADR privileged record except in a motion to challenge an assertion of privilege under paragraph 9, in which event the motion shall be filed under seal.

7. Within 60 days after conclusion of the ADR proceedings, regardless of whether it involves final disposition of this action, the party that produced the ADR privileged records shall, if it has not done so already, provide to the receiving party one or more privilege logs that list such records for which the producing party asserts privilege or protection from disclosure, *provided* that pursuant to paragraph 2 of the CAPO, such assertion of privilege or protection shall not rely on any Applicable Confidentiality Laws. All privilege logs provided pursuant to this Order shall state for each listed record and any attachments thereto the date, recipient(s) (if known), author(s) (if known), privilege(s) asserted, a description of the content of the record sufficient to demonstrate the subject matter(s) addressed in the record and the basis of the asserted privilege or protection from disclosure, and information related to the location from which the record was obtained. The producing party shall also notify the receiving party if it

is withdrawing the assertion of privilege or protection from disclosure as to any ADR privileged record(s) designated under this Order. Within 60 days of receiving written notice from the producing party that all privilege logs have been provided, each party shall identify and notify the other party of all ADR privileged records that were designated by the other party pursuant to this Order for which the receiving party wishes to challenge the assertion of privilege or protection from disclosure and shall return or destroy all ADR privileged records that are not identified for challenge. Thereafter, the parties will confer to address any issue related to the privilege log(s) and to address the possible redactions of portions of disputed records that the producing party asserts to be privileged or protected. If, within 90 days after the producing party has provided notice that all privilege logs have been provided, there is no agreement, pending motion, or order issued on the disposition of the disputed ADR privileged records, the receiving party must destroy or return the disputed ADR privileged records.

8. While this case is in ADR proceedings, the inadvertent or unintended disclosure of privileged records, regardless of whether the records were designated as privileged at the time of disclosure, shall not be deemed a waiver in whole or in part of a subsequent claim of privilege, either as to the specific records disclosed or as to records related to the same subject matter. The producing party shall inform the receiving party of any inadvertent or unintended disclosure of privileged records immediately after discovering such disclosure. At the producing party's request, the receiving party shall either destroy or return the privileged record or label the record as ADR Privileged; provided that such return or destruction shall not impair the receiving party's ability to challenge the assertion of privilege under paragraph 9 of this Order.

9. The parties shall negotiate promptly and in good faith to try to resolve any and all disputes or objections arising under or concerning any provision of this Order. If the parties cannot mutually resolve such a dispute or objection, including without limitation through the use of redactions, either party may seek a further order of the Court seeking appropriate relief, *provided* that the parties shall seek assistance from the Settlement Judge to resolve any dispute arising hereunder before seeking relief therefor from the Court under paragraph 16 of the CAPO.

10. Other than as expressly provided for herein, this Order is not intended and shall not be construed to modify the provisions of the CAPO or to limit or affect the parties' rights to pursue discovery in this action pursuant to the Rules of the Court of Federal Claims.

Dated: ______________________ ________________________________

Francis M. Allegra, Judge