IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JICARILLA APACHE NATION, formerly JICARILLA APACHE TRIBE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-25 L<br>Hon. Francis M. Allegra |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S SECOND SUPPLEMENTAL STATUS REPORT
REGARDING THE COMPLIANCE OF THE DEPARTMENT OF THE INTERIOR
WITH THE E-MAIL RETENTION REQUIREMENTS OF
THIS COURT'S MARCH 2004 AND APRIL 2005 ORDERS

INTRODUCTION

Defendant United States submits this second supplemental status report regarding the continuing compliance of the Department of the Interior (Interior or DOI) with the requirements regarding retention of e-mails, among other items, in this Court's March 2004 and April 2005 orders. This supplemental status report is based on new information and events that have developed since the filing of Defendants' first supplemental status report in March 2005. As demonstrated below and in the attached declaration, the Interior Department is continuing to comply with the e-mail preservation requirements of this Court's orders in March 2004 and April 2005.

RELEVANT FACTUAL HISTORY

On March 19, 2004, this Court issued an opinion and order in this case, requiring Defendant to take reasonable steps to preserve and maintain "documents, data, and tangible things" relevant to the claims and issues raised by Plaintiff in the case. See Order dated March 19, 2004 ("Record

Retention Order" or "RRO"). E-mails are among the "documents, data, and tangible things" required to be retained. Id. at 3.

On April 26, 2004, pursuant to the Court's order, Defendant filed a notice describing its agencies' plans and procedures (i.e., "mechanisms") for complying with the record preservation requirements of the March 19 Order. Defendant's status report consisted of the declarations, with attachments thereto, from officials or employees of the federal agencies that had been determined to be the most likely to have the "documents, data, and tangible things" that are potentially relevant to Plaintiff's claims in this case, including the Department of the Interior (Interior). Defendant's Notice of Filing Status Report Describing Compliance Monitoring Mechanisms, dated April 26, 2004, at 1. The declarations from the Interior Department officials described the reasonable steps undertaken to preserve "documents, data, and tangible things," including e-mails, that are relevant to the claims in this case. See Declaration of Cristobal Alvarez, Attorney-Advisor, Branch of Trust Reform and Litigation, Division of Indian Affairs, dated April 26, 2004; Declaration of Abraham E. Haspel, Ph.D, Assistant Deputy Secretary in the Office of the Secretary for the Department of the Interior, dated April 26, 2004.

On March 18, 2005, Defendant filed a supplemental status report ("SSR"), providing additional information about the additional reasonable steps undertaken to preserve "documents, data, and tangible things," including e-mails, that are relevant to the claims in this case. In particular, Defendant described the Interior Department's different and duplicative methods of retaining e-mails pursuant to this Court's March 2004 record retention order. See Defendants' Supplemental Status Report ("SSR") dated March 18, 2005, at 9-11; see also Declaration of Robert E. Brown, Associate Director for Administration and Budget, Minerals Management Service (MMS), dated March 11,

2005, ("Brown Decl."); Declaration of Scott E. MacPherson, Indian Trust Project Manager for Information Resources Management, Bureau of Land Management (BLM), dated March 3, 2005 (Exhibit 4) ("MacPherson Decl."); Declaration of Robert C. McKenna, Chief Information Officer, Office of the Special Trustee for American Indians (OST), dated March 17, 2005, (McKenna Decl."); Declaration of John Messano, Director of Office of Information Operations, Bureau of Indian Affairs (BIA), dated March 17, 2005, (Messano Decl."). As explained in the declarations, Interior's e-mail retention methods consist of (1) the indefinite retention of e-mail back-up tapes.[1/] McKenna Decl. ¶ 8; Supplemental Declaration of Robert E. Brown, July 28, 2005 (Exhibit 2 to the Second Supplemental Status Report) ("Supp. Brown Decl.") ¶ 2; Messano Decl. ¶ 10; MacPherson Decl. ¶ 9(a) n.2, 9(e); (2) the printing and indefinite retention of e-mails in paper copy form. SSR at 9-11; McKenna Decl. ¶ 8; MacPherson Decl. ¶ 9(e); and (3) the indefinite electronic e-mail archiving and retention of e-mails by Interior Department contractor ZANTAZ through the use of certain software. Brown Decl. ¶ 7; MacPherson Decl. ¶ 9(a), 9(e); Messano Decl.¶ 10; McKenna Decl. ¶ 8.[2/]

Also on March 18, Defendant filed a motion to modify certain aspects of the March 19, 2004 RRO. Specifically, Defendant requested that the Court clarify the definition of "preservation" in the

---

[1/] "Back-up data" is defined as information stored upon portable media (often tapes) so as to permit data recovery in the event of a disaster. See Defendant's Supplemental Status Report at 9 (citing "The Sedona Principles: Best Practices, Recommendations, & Principles for Addressing Electronic Discovery," Sedona Working Group Series 2003, at App. A. 51). Contrary to the typical practice of overwriting back-up tapes after retaining them for a limited period of time, Interior has implemented a practice of indefinitely retaining e-mail back-up tapes at relevant agencies and bureaus. See McKenna Decl. ¶ 8; Supp. Brown Decl. ¶ 2; Messano Decl. ¶ 9; MacPherson Decl. ¶ 9(a) n.2, ¶ 9(e).

[2/] Specifically, the ZANTAZ software allows the real time capturing of e-mail messages transmitted or received by Interior Department employees. See Messano Decl. ¶ 10; McKenna Decl. ¶ 8; MacPherson Decl. ¶ 9(e).

RRO to make clear that the qualification "would make the material incomplete or inaccessible" applies to all the otherwise prohibited actions described therein. Absent a clarification, Defendant argued, the final phrase in the definition is potentially ambiguous since the qualification arguably may be read to apply only to "negligent or intentional handling" of the material versus all the other activities identified in the preservation definition (ie. testing, wiping, relocation, etc.).

On April 18th, this Court entered an Order granting Defendant's modification motion generally adopting Defendant's proposed clarifying language.

On July 7, 2005, the District Court issued an order in Cobell v. Norton (D.D.C., Civ. No. 96-1285), regarding the use of ZANTAZ's software to capture and retain Interior's e-mails See Exhibit 1 hereto. In its order, the Court noted that Interior now represented that ZANTAZ did not capture all e-mails sent and ordered that Interior should produce all responsive hardcopy e-mail in addition to its continuing obligation to produce all responsive ZANTAZ e-mail and attachments. July 7, 2005 Order at 1-2, Cobell v. Norton, (Civ. No. 96-1285).

The District Court had issued the July 7, 2005 order after entering orders on April 25 and May 26, 2005, concerning the production—in hard copy format—of certain documents and e-mails, respectively, relating to the evidentiary hearing concerning to the security of Interior's information technology systems. Comparison of the e-mails produced by Interior for Agency officials James Cason, W. Hord Tipton, and Brian Burns,[3] in electronic and hard copy format, revealed discrepancies between the e-mails stored in electronic format and those retained in hard copy, thus raising questions about the effectiveness and comprehensiveness of ZANTAZ's e-mail capturing software. Id. Based

---

[3] Mr. Cason is the Associate Deputy Secretary for the Interior Department; Mr. Tipton is the Chief Information Officer for the Interior Department; and Mr. Burns is the Chief Information Officer for the Bureau of Indian Affairs. May 26, 2005 Order at 2-3, Cobell v. Norton (Civ. No. 96-1285).

on the discrepancies, the plaintiffs alleged that, contrary to Interior's previous representations, ZANTAZ's software was not a reliable method for indefinitely retaining Interior's e-mails by electronic archive. In response, the District Court issued the July 7 order, mandating that Interior produce, in hard copy form, the e-mails of Interior Department officials and employees in addition to Messrs. Cason, Tipton, and Burns. Id. Neither the plaintiffs' allegations nor the District Court's orders addressed the effectiveness or comprehensiveness of Interior's other two methods of indefinite e-mail preservation.

## INTERIOR CONTINUES TO PRESERVE E-MAILS, AS ORDERED BY THIS COURT

As described above and in its March 18, 2005 supplemental status report and supporting declarations, the Interior Department has formulated and deployed a three-pronged practice of indefinitely preserving e-mails since before the entry of this Court's March 2004 RRO, and is in full compliance with this Court's orders. The practice is the following: (1) the indefinite retention of e-mail back-up tapes (SSR at 9-11; Supp. Brown Decl., ¶ 2; McKenna Decl. ¶ 8; Messano Decl. ¶ 10; MacPherson Decl. ¶ 9(a) n.2, 9(e)); (2) the printing and indefinite retention of e-mails in hard copy format (SSR at 9-11, McKenna Decl. ¶ 8, MacPherson Decl. ¶ 9(e); and (3) the indefinite electronic archiving and retention of e-mails by ZANTAZ software (SSR at 11; Brown Decl. ¶ 7; McKenna Decl. ¶ 8; MacPherson Decl. ¶¶ 9(a), 9(e)). This indefinite preservation practice meets the requirements of this Court's orders. The July 7, 2005 order issued by the District Court in the Cobell litigation does not change or otherwise affect this outcome. Even if the ZANTAZ e-mail archival software has been shown to be ineffective in capturing and preserving all Interior Department e-mails indefinitely, Interior's other two methods for e-mail retention—e-mail back-up tapes and printing out

and filing e-mails in hard copy—provide fully sufficient means for complying with the RRO. See McKenna Decl. ¶ 8; MacPherson Decl. ¶¶ 9(a), 9(e); Supp. Brown Decl., ¶ 2. These requirements have been in effect since before entry of this Court's March 2004 record retention order. Supp. Brown Decl. ¶ 2; Messano Decl. ¶ 10; McKenna Decl. ¶ 8; MacPherson Decl. ¶ 9(a), 9(e), and they have been reaffirmed in Departmental directives issued after the Court's order (see Memorandum from J. Steven Griles, then-Deputy Secretary of the Interior, dated July 9, 2004 (Exhibit 3 hereto)).

The Interior Department is currently conducting an internal review of the ZANTAZ electronic e-mail archiving software system. Among other things, Interior has been in the process of determining which component agencies and bureaus may have been affected, and of evaluating the extent to which other e-mails may have been retained by the ZANTAZ system. In the meantime, however, the relevant Interior Department component agencies and bureaus continue to preserve the e-mails of its employees, not only by backing them up onto tapes that are kept in perpetuity, but also by having the e-mails printed out in paper copy and filed or stored indefinitely. Such e-mail preservation methods are fully in compliance with this Court's record retention orders in March 2004 and March 2005.

Respectfully submitted this 8th day of September, 2005,

KELLY A. JOHNSON
Acting Assistant Attorney General

*/s/ Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663

Washington, D.C. 20044-0663
Tel: (202) 353-8839
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

NICOLETTE ROMANO
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Washington, D.C. 20044-0663

BRENDA RIEL
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

Case 1:02-cv-00025-FMA Document 104-2 Filed 09/08/2005 Page 1 of 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELOUISE PEPION COBELL, et al., on her own behalf and on behalf of all those similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 96-1285 (RCL)** |
| **GALE NORTON, Secretary of the Interior, et al.,** | |
| **Defendants.** | |

**ORDER**

This matter comes before the Court on the Plaintiffs' Oral Motion ("Plaintiffs' Motion") to Amend the Court's May 26, 2005 Order [2976] for Production ("ZANTAZ Order"). The ZANTAZ Order provides for the production of emails and attachments stored in the ZANTAZ Digital Safe for certain identified government officials and other witnesses. The ZANTAZ Order was entered in reliance on the defendants' representation that "all e-mail sent or received from Interior designated offices is captured at ZANTAZ," as memorialized in the ZANTAZ Order. Upon entry of the ZANTAZ Order, the defendants were relieved of their obligation to produce hard-copy versions of responsive email records except for James Cason, Brian Burns, and Hord Tipton. See ZANTAZ Order at 2.

The defendants now concede that ZANTAZ does not capture all emails sent and received.

Accordingly, upon consideration of the Plaintiffs' Motion, the defendants' arguments in opposition thereto, supplemental information submitted by the plaintiffs, and the entire record



**EXHIBIT 1**

herein, it is hereby

ORDERED that the Plaintiffs' Motion is GRANTED; and it is further

ORDERED that the defendants, in addition to their continuing obligation to produce all responsive ZANTAZ email and attachments, shall produce to the plaintiffs all responsive hard-copy email records relevant to each person named in the ZANTAZ Order; and it is further

ORDERED that the defendants shall complete production of all relevant hard-copy and ZANTAZ email before the testimony of each witness called by the defendants in the evidentiary hearing currently being held by the Court; and it is further

ORDERED that the defendants shall decrypt any documents that are encrypted before they are produced to the plaintiffs.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 7, 2005.

Supplemental Declaration of Robert E. Brown

I, Robert E. Brown, pursuant to 28 U.S.C. 1746, do hereby declare and state:

1. I serve as the Associate Director for Administration and Budget at the Minerals Management Service (MMS), a position I have held since July 1994. I also hold the position of Chief Information Officer (CIO). My responsibilities include oversight of the MMS Nationwide information technology programs. Among my many duties, I supervise a staff devoted to records management and production requirements with respect to all facets of information technology.

2. **Backup Data – Electronic Messages.** Currently, as part of the *Cobell v. Norton* litigation, all MMS electronic mail messages (regardless of content), including attachments, and distribution lists, are captured by a contractor in the Electronic Email Archive System ("EEAS") where the messages are retained indefinitely.

   In addition, MMS has retained e-mail backup tapes on an indefinite basis since prior to the March 19, 2004, records retention order in *Jicarilla Apache Nation v. U.S.* and *Pueblo of Laguna v. U.S.* lawsuits. In April 2005, MMS began transitioning from a Microsoft Exchange 5.5 e-mail system to a Microsoft Exchange 2003 e-mail system. For the Exchange 5.5 system, MMS performs full backups to tape of the e-mail servers, Monday through Friday. These daily backups containing all e-mail messages sent or received by MMS employees are appended to the backup tape each day, and the tapes are stored off-site in perpetuity.

   The Exchange 2003 e-mail system utilizes a journaling server to send messages to the EEAS. The journaling server captures and saves a copy of all e-mail messages sent and received by the Exchange e-mail system. The MMS performs full backups to tape of the journaling server, Monday through Friday. These daily backups containing all e-mail messages sent or received by MMS employees are appended to the backup tape each day, and the tapes are stored off-site in perpetuity.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

[signature]
Robert E. Brown

7/28/05
Date

**EXHIBIT 2**

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

JUL 9 2004

Memorandum

To: All Employees

From: J. Steven Griles, Deputy Secretary

Subject: Responsibility for Maintaining Electronic-Mail (E-mail) Records

This memorandum is to remind all employees and Federal contractors of their responsibility for preserving, protecting and maintaining official records created or received using electronic mail (e-mail). IRM Bulletin 96-06, 7/25/96, Policy and Guidance for Managing the Creation, Retention, and Disposition of Electronic Documents provides Department-wide policy and guidance for managing electronic records (including e-mail records). This policy is accessible at www.doi.gov/ocio/records/policy/policies.htm.

Current policy based on National Archives and Records Administration regulations (36 CFR Part 1234.24, Standards for Managing Electronic Mail Records) requires that **all official electronic records should be printed out in hard copy and filed in the official paper recordkeeping system.** Only after this is done can you delete the electronic version, if you no longer need the electronic version.

**Official Records:** E-mail documents ARE official records when they:

- Are created or received in the transaction of agency business and
- Are appropriate for preservation as evidence of the government's function and activities; or
- Are valuable because of the information they contain

**Not Official Records:** E-mail documents ARE NOT official records when they:

- Provide no evidence of agency functions and activities
- Lack information of value
- Duplicate information already documented in existing records

If an e-mail message meets the above criteria as an official record, the message **(including all attachments and transmission information)** must be printed to paper and filed according to the agency's recordkeeping system.

**EXHIBIT 3**

**Special Instructions – Cobell:** Because of the Cobell v. Norton litigation, special instructions apply for printing and deleting e-mail messages related to this case. Included in electronic records that must be printed and filed are all e-mail messages (with all attachments) that relate to:

- Cobell v. Norton litigation
- American Indian trust reform activities
- Administration of Individual Indian Money (IIM) accounts

**E-mail messages relating to one of these three areas may be electronically deleted only after you have been notified by either your e-mail system administrator or your CIO that your regular system backup or another approved method has captured the electronic copy.**

Supervisors and managers must ensure that all employees and others who may handle Federal records (including contractors, interns, students, and volunteers) receive this memorandum and are complying with this policy. If you have additional questions about this guidance, please contact your bureau/office Records Officer first, and, if questions remain, contact the Departmental Records Officer, Mr. Ed McCeney, at (202) 208-3321.