**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JICARILLA APACHE NATION,** | **)** | |
| **f.k.a. JICARILLA APACHE TRIBE,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 02-25L** |
| | **)** | **Judge Francis M. Allegra** |
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

Plaintiff, the Jicarilla Apache Nation, and Defendant, the United States, (the "parties"), hereby jointly report to the Court regarding their progress on an indexation plan to be submitted to the Court and on other matters.

## I. INDEXATION PLAN STATUS AND DOCUMENT PRODUCTION

Since the last status report filed on November 16, 2005, the parties have continued to work on document production and indexation issues. As previously reported, in many respects, production has subsumed indexation as the parties move forward with Alternative Dispute Resolution ("ADR"), as discussed further below.

The parties have continued to focus largely on identifying the records that each has received and gathered to date with an eye toward identifying documents which remain to be gathered and produced in support of current ADR efforts. Each party will then make its additional document needs known to the other, and the parties will resume their discussions regarding how indexation or production ought to be handled for specific relevant sites. These issues, including indexation, have been addressed in teleconferences

since the last status report including a telephone status conference with the Court on January 10, 2005.

During the week of February 13, 2006, the defendant plans on making a supplemental production of records designated by Plaintiff during its previous examination of documents and records at the Office of Trust Records in Albuquerque, New Mexico. In addition, the Defendant is making progress in delivering OCR (Optical Character Recognition) for previous productions.

If the parties are unable to agree upon reasonable indexation methods, they will of course bring any unresolved issues to the attention of the Court. Given the wide range of indexation issues from site to site, the parties will continue to report to the Court on their efforts and, when practicable, prepare a formal indexation plan as ordered by the Court in its Order of March 19, 2004.

## II. ALTERNATIVE DISPUTE RESOLUTION

As reported to the Court previously, the parties have carved out a significant but discrete issue for early resolution in ADR. The parties continue to make progress on that issue, although the document exchange and analysis portions of the process are consuming more time than the parties anticipated due largely to the sheer volume of records involved.

As the parties reported in their November 16, 2005 Status Report, they have also agreed to attempt early resolution through ADR of another very significant issue in this matter, which was a major focus of a meeting in Dallas, Texas on November 9, 2005. The parties have reported on this new ADR process to Settlement Judge Eric G. Bruggink and have requested his assistance with that process as well as the one that has been ongoing.

## III. MAPS

Based on the December status report by the Office of Trust Records to United States District Court Judge Lamberth, Counsel for Plaintiff inquired as to the condition of "8 boxes contain[ing] oversized maps" referred to in the report. Counsel for the United States promptly contacted Ms. Ethyl Abeita, Director of the Office of Trust Records, who informed him that none of the maps were of the Jicarilla or Laguna reservations. She has also advised that none of the maps are damaged although it is NARA's intention to make copies for future use by researchers in order to maintain the current condition of the originals.

**IV. "LEGACY" TAPES**

On February 1, 2006, counsel for the United States advised Plaintiff's counsel of the intent of Minerals Management Service (MMS) to dispose of 30,000 "legacy" back-up tapes. The Minerals Revenue Management (MRM) division of MMS asserted that the data on these tapes had been duplicated by transfer to the currently utilized Minerals Revenue Management Support System (MRMSS) some 4-5 years ago . On that same date, February 1, 2006, via e- mail communication, Plaintiff's counsel advised Defendant's counsel that Plaintiff was of the view that the tapes were covered by the Record Retention Order previously entered herein and further that Plaintiff objected to the destruction of those tapes because, given the information then available to Plaintiff, it was understood that the conversion did not accurately and completely duplicate everything that was on these "legacy" tapes.

On February 8, 2006 in a subsequent e-mail communication Plaintiff's counsel elaborated upon its reasons for believing that all of the "legacy" tape data had not been duplicated accurately and completely. Furthermore, Plaintiff's counsel emphasized the need to preserve the "legacy" tapes, not only for access to data that could only be found on these irreplaceable tapes, but for evidence of what is not on the tapes. The parties were able to resolve this matter by conferring between themselves.

The attorney of record for the United States assured Plaintiff's counsel that the tapes would be preserved while the issues raised in Plaintiff's letter to Defendant's counsel on this matter remained in dispute. The parties agreed that, if necessary, the matter of the

preservation of the tapes would be brought before the Court and that the tapes would continue to be preserved during any such proceedings.

The parties shall report further to the Court on these matters of indexation and production of documents on or before May 16, 2006 unless the Court orders otherwise or unless intervening events warrant an earlier report.

Respectfully submitted this 15th day of February, 2006.

/s Alan R. Taradash by /s Donald H. Grove
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Jr. Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464

Attorney of Record for Plaintiff

/s Robert Rodrigues by /s Donald H. Grove
Robert Rodrigues
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, DC 20044-0663
telephone: 202-305-0484
facsimile: 202-305-0506
Attorney of Record for Defendant

Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Deidre A. Lujan
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Jr Ave NE
Albuquerque, NM 87102
telephone 505-243-4275
Of Counsel

Martin LaLonde
Laura Maroldy

U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663

Donald H. Grove
Nordhaus Law Firm, LLP
Suite 801
1401 K Street NW
Washington, DC 20005
telephone 202-530-1270
Of Counsel