UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JICARILLA APACHE NATION, f.k.a. JICARILLA APACHE TRIBE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-25L<br>Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Plaintiff, the Jicarilla Apache Nation, and Defendant, the United States, (the "parties"), respectfully submit this Joint Status Report to the Court regarding the parties' progress on document production, indexation issues and ADR since their last joint status report filed on May 16, 2006**.**

## I. DOCUMENT PRODUCTION

As previously reported to the Court in the parties' last joint status report, focus has been placed on the parties' production of documents related to a discrete segment of claims at issue in ADR. The time projected for completion of document production has been adversely affected by, *inter alia*, the sheer volume of documents involved (well over two million images at this point including pending oil and gas images), and may be further affected by the accuracy and condition of federal records, the potential need for additional records once Plaintiff has further delineated its claims and the Government has further delineated its defenses, as well as resolution of the Government's concerns regarding the adequacy of Plaintiff's responses to the Government's production requests. Notwithstanding the obstacles noted above, the parties' have made significant progress toward completing document production for one of the two significant issues currently being addressed in ADR.

On August 1, 2006, Plaintiff made its fourth production of Jicarilla Agency documents with detailed coding and OCR text to the United States. Plaintiff is in the process of finalizing its last production to the United States of Jicarilla Agency documents and relevant Jicarilla Tribal documents. The United States has made several productions of documents since the parties' last status report. The United States has performed OCR on documents, including those previously produced, to supplement available coding and facilitate locating documents. However, the condition of some original documents has prevented accurate interpretation by OCR software. The United States is looking into utilizing alternate software to improve recognition.

At this point, the parties are now in a position to focus largely on identifying the records that each has received and gathered to date with an eye toward identifying documents which remain to be gathered and produced in support of current ADR efforts. Each party can then make its additional document needs known to the other.

## II. INDEXATION

As the parties have previously reported to the Court, the parties are continuing to work on resolving certain indexation and document coding issues. The parties have continued to exchange documents and address these issues by telephone and e-mail correspondence. The Government has proposed a modified coding regime for use on a prospective basis and Plaintiff is in the process of completing a counterproposal which it anticipates forwarding to the United States in the near future.

## III. ADR

On June 28, 2006, counsel for the parties met at the Hyatt Regency Tamaya Resort at the Santa Ana Pueblo in New Mexico to discuss ADR, indexation, and other discovery issues. This

meeting was followed by an ADR status and scheduling conference with Judge Bruggink. As reported to the Court previously, the parties are continuing to make progress in ADR on two significant but discrete issues in the above-captioned case. The parties have been working cooperatively, although document production and indexation issues are consuming more time than the parties anticipated for the reasons stated above. Nonetheless the parties have projected a schedule for completing certain tasks for one of the two issues in ADR and are simultaneously discussing the process relating to the other major issue.

The parties shall report further to the Court on these matters of indexation and production of documents on or before November 13, 2006 unless the Court orders otherwise or unless intervening events warrant an earlier report.

Respectfully submitted this 14th day of August, 2006.

/s Alan R. Taradash
by /s Thomas J. Peckham
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Jr. Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464

Attorney of Record for Plaintiff

/s Robert Rodrigues
by /s Thomas J. Peckham
Robert Rodrigues
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
telephone: 202-305-0484
facsimile: 202-305-0506

Attorney of Record for Defendant

Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Deidre A. Lujan
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Jr Ave NE
Albuquerque, NM 87102
telephone 505-243-4275
Of Counsel

Martin LaLonde
Laura Maroldy
Kenneth Stegeby
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663

Donald H. Grove
Nordhaus Law Firm, LLP
Suite 801
1401 K Street NW
Washington, DC 20005
telephone 202-530-1270
Of Counsel