**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JICARILLA APACHE NATION,<br>f.k.a. JICARILLA APACHE TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 02-25L<br>Judge Francis M. Allegra |

**JOINT STATUS REPORT**

Plaintiff, the Jicarilla Apache Nation, and Defendant, the United States, (the "parties"), respectfully submit this Joint Status Report to the Court regarding the parties' progress on document production, indexation issues, and ADR since their last joint status report filed on February 12, 2007.

## I. DOCUMENT PRODUCTION

The parties last reported to the Court that significant progress had been made on document production issues. Since their last report, the parties continue to work cooperatively and diligently in their document production efforts. The parties maintain an open line of communication concerning the exchange of documents relevant to the primary issue currently being addressed in ADR.

The parties have engaged in several telephonic conferences, including two that involved Senior Judge Bruggink, addressing, in part, document production matters. The parties continue to exchange written communications, in addition to their telephonic discussions, concerning the status of the parties' document production efforts.

Plaintiff continues to make significant progress toward creating detailed inventories of the documents obtained to date, including documents received from the Defendant that have since been recoded as discussed below, and Plaintiff has thereby largely overcome some issues it perceived in Defendant's productions that prevented Plaintiff from readily identifying the nature and scope of documents received from Defendant. Plaintiff states that it was obliged to take extensive and costly measures, including assembling a team of coders to recode in detail certain groups of documents previously produced by the United States. Plaintiff regularly has done detailed coding of documents it has collected not only from its own repositories, but also of those federal records that remain in the custody of the Defendant at the Jicarilla Agency. The coding project as it relates to relevant documents for the discrete segment of claims currently being addressed by the parties is nearing completion. Most of Plaintiff's concerns have been alleviated by its own recoding efforts. Plaintiff now has the ability to create inventories of key source documents that have been exchanged between the parties and to analyze that which is missing. Plaintiff has begun the process of compiling such inventories of all source documents by category to forward to Defendant.

Based upon discussions between the parties, Defendant has offered to produce the Arthur Andersen work papers collection with enhanced coding fields. Defendant is making this production on a staggered basis with the first 17,000 images delivered three weeks ago. Another large group of documents from the collection will take place in the next two weeks.

Through written correspondence, the parties are working together to determine the categorical status of certain documents. Plaintiff has agreed to forward and has already started to provide to Defendant the materials compiled by Plaintiff that will enable the parties to determine the status of their productions with specificity. After the parties have identified with greater specificity the documents each is lacking, the parties intend to meet and confer in an attempt to reach

an agreement on how to proceed. Additionally, Plaintiff will be in a position to offer Defendant the document-level detailed information coded by Plaintiff's team of coders. Most notably, Plaintiff may offer Defendant detailed information coded from the Defendant's own productions. This will apply to a majority of Defendant's productions, with the exception of one significant collection of documents that the Defendant is in the midst of "reunitizing," coding, and reproducing to Plaintiff. Since the last status report, Defendant has made significant progress in that effort.[1]

In the meantime, the parties continue to exchange documents, data, and information relevant to the primary issue being addressed in ADR. Since the parties last status report, Plaintiff has made three productions of documents, namely on March 20, March 23 and April 3, 2007, in which it provided to Defendant copies of relevant documents that Plaintiff collected from various tribal repositories and from the Jicarilla Agency. These included a number of documents that were once in part a source of contention between the parties. As requested, Defendant has produced certain documents addressing methodological issues concerning certain historical data reconciliation reports for Tribal transactions and responded to technical questions concerning calculations in the report. In addition, Defendant has forwarded detailed correspondence in response to several questions posed by Plaintiff concerning the location of explanatory accounting data in previously-produced accounting documents and records.

Defendant has also produced various additional categories of accounting-related documents to Plaintiff in order to assist in the tailoring of issues for the ADR, including account numbers for Indian Money Proceeds of Labor accounts as well as Special Deposit Accounts. In addition,

[1] Defendant's reunitizing efforts seek to ensure that documents produced contain the correct number and sequence of pages. For example, a 10 page document is presented as such versus 10 one page documents.

Defendants will be delivering detailed General Ledger documents requested by Plaintiffs in the next few weeks.

Plaintiff continues the process of reviewing records that may be relevant to the primary issue being addressed in ADR and are responsive to Defendant's second supplemental document production request to Plaintiffs. Defendant's production request focuses on Tribal headquarters documents. As to a certain other category of documents requested by Defendant, Plaintiff is waiting for Defendant's response to Plaintiff's request for information. Plaintiff anticipates delivery to Defendant of responsive documents by the end of May, 2007. Additionally, Defendant has requested from Plaintiff a list of Plaintiff's priority outstanding requests in an effort to advance the identification of key differences between the parties in the context of the first issue to be considered in the ADR.

The parties have engaged in several telephone conferences with Senior Judge Bruggink following the in-person ADR meeting with him on December 11-12, 2006 at Plaintiff's office in Albuquerque, New Mexico. The parties maintain their commitment to work together to identify and retrieve documents and information as quickly as possible so that they may turn to the substance of the primary issue currently being addressed in ADR.

As mentioned above, Defendant has agreed to reproduce one substantial collection with significant additional coding and has already reproduced to Plaintiff a discrete production of documents that reflects Defendant's enhanced coding efforts. Plaintiff is in the process of reviewing and assessing the additional coding.

The parties continue to take steps to ensure that document production matters are being addressed and resolved in a timely manner.

As to the other significant issue being addressed in ADR, Plaintiff is in the early stage of the process to identify, collect, image, and code documents relevant to this issue. Defendant's expert has met with Plaintiff's expert to pursue discussions regarding a more streamlined methodology to analyze key variables in the proceeding. Plaintiff has also agreed to supplement certain outstanding questions posed by Defendant concerning certain process issues in the conduct of the ADR concerning the second significant issue.

## II. INDEXATION

The Court's March 19, 2004 Order requires that the parties meet and confer "to develop a plan for indexing documents, data, and tangible things reasonably anticipated to be subject to discovery in this case." Due to the prohibitive cost of creating document-level indices and inventories for all documents at each of Defendant's repositories that the parties' have identified may contain records relevant to the primary issue being addressed in ADR, the parties have followed a repository-by-repository approach, including on-site reviews, where appropriate, to address the sufficiency of existing indices and to discuss whether additional indexation of specific record collections is necessary and the scope, timing, and method of any additional indexation at each location based on the particular facts, relating to each agency, location and record characteristics. The parties anticipate additional discussions concerning the indexation requirements under the March 19, 2004 Record Retention Order so as to determine the most useful and cost effective means for completing this work. This includes utilization of existing finding aids and inventories.

This approach is based on the parties' mutual desire to facilitate the identification, review, retrieval and production of relevant documents. As such, the parties continue to discuss having one of Defendant's contractors assist Plaintiff in locating trust records relevant to the primary issue being

addressed in ADR by performing additional searches in Defendant's Box Inventory Search System ("BISS"), which contains box and file/folder information for boxes that most likely contain records relevant to the primary issue in ADR.

The parties are cognizant of the Court's indexation requirement. However, in an effort to facilitate the ADR process, the parties have concentrated their efforts on document production and document coding. As previously reported to the Court, the parties will continue to address indexation issues on a case-by-case basis, so long as that approach both permits sufficient progress in ADR and is acceptable to the Court. The parties will of course bring any unresolved issues to the attention of the Court.

**III. ADR**

The parties have made substantial progress in their ADR efforts since their last status report to the Court. The parties have conducted several telephone conferences and have involved their respective accounting experts to discuss one of the two significant issues being addressed in ADR as well as related document production, coding, and other discovery issues. Moreover, Judge Bruggink was involved in conference calls with the parties on March 21, 2007 and April 27, 2007. The next call with Judge Bruggink is scheduled for May 31, 2007.

As previously reported to the Court, the parties' experts have been devoting an increasing amount of time to the analysis and evaluation of the documents that have been gathered and produced to date, particularly accounting documents. As stated above, Plaintiff's recoding efforts have enabled its experts to begin analysis of the transactions that relate to the issues the parties are addressing in ADR in a far more meaningful manner.

With significant help from Defendant's counsel, agencies, and contractors, Plaintiff's counsel and experts have completed an important effort to match records, or transactions, from two data sets produced by Defendant at different times. That exercise is important to the progress of ADR and further demonstrates the parties' ability to work together to resolve obstacles confronted by Plaintiff with the data.

The parties' experts continue to address other major issues in ADR and are discussing possible methodologies in an effort to advance resolution of those issues. As noted above, the parties continue to work cooperatively and in good faith in ADR to mutually resolve all disputes related to document production, coding, and other discovery issues. As a result, the parties continue to make steady progress in ADR. The parties will continue to conduct conference calls between themselves, and with Judge Bruggink as appropriate.

The parties shall report further to the Court on the matters of indexation and production of documents on or before August 14, 2007 unless the Court orders otherwise or unless intervening events warrant an earlier report.

Respectfully submitted this 15th day of May, 2007.

/s Alan R. Taradash
by /s Donald H. Grove
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Jr. Ave. NE
Albuquerque, NM 87102-3541
telephone: 505-243-4275
facsimile: 505-243-4464

Attorney of Record for Plaintiff
Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Deidre A. Lujan
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King Jr Ave NE
Albuquerque, NM 87102
telephone 505-243-4275
Of Counsel

/s Robert W. Rodrigues
by /s Donald H. Grove
Robert W. Rodrigues
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
telephone: 202-305-0484
facsimile: 202-305-0506

Attorney of Record for Defendant
Martin J. LaLonde
Laura Maroldy
E. Kenneth Stegeby
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663

Donald H. Grove
Nordhaus Law Firm, LLP
Suite 801
1401 K Street NW
Washington, DC 20005
telephone 202-530-1270
Of Counsel