IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JICARILLA APACHE NATION,<br>f.k.a. JICARILLA APACHE TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 02-25L<br>Judge Francis M. Allegra |

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO COMPLY WITH THIS COURT'S MAY 16, 2008 ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), Defendant respectfully submits this motion for enlargement of time to and including June 25, 2008, within which to file the Joint Status Report and the associated schedule that were required under this Court's Order dated May 16, 2008 (Docket (Dkt.) 144. Pursuant to the Order, the parties are obligated to file their Joint Status Report and schedule on June 10, 2008. This motion is Defendant's first such motion.

The grounds for this motion are as follows:

1. As the Court is aware, this case was filed on January 8, 2002, and referred to the Court's pilot alternative dispute resolution (ADR) program in December 13, 2002. Dkts. 1 and 2. Since the referral of the case to ADR, the litigation of the case has been temporarily stayed. Dkt. 20.

2. On April 17, 2008, Plaintiff formally terminated its prior counsel and retained new counsel. Dkt. 140. On May 12, 2008, the parties filed a joint status report in which Plaintiff stated that it intended to submit a motion to request that the Court terminate the temporary stay

of litigation and reinstate the case on the Court's active case docket. Dkt. 142.

3. By order dated May 16, 2008, the Court instructed Plaintiff and Defendant to file a detailed joint status report indicating how the case should proceed, which shall include a proposed schedule, on or before June 13, 2008. Dkt. 144.

4. In response to the Court's order, the Parties agreed to prepare and submit a joint status report and schedule that would also satisfy the requirements for a Joint Preliminary Status Report (JPSR) under Appendix A of the RCFC.

5. As the Court is aware, Appendix A of the RCFC requires counsel for the parties to meet, confer, and come to an agreement, if possible, about a variety of litigation-related issues, including but not limited to discovery periods and durations and deadlines for the preparation and submission of dispositive motions. If counsel for the parties are unable to agree on any particular topic, they would state their different positions in the JPSR. In general, compliance with RCFC Appendix A and the requirements for a JPSR require counsel for the parties to undertake numerous substantive communications and coordination with their clients and other counsel. This is especially true for undersigned counsel for Defendant, who has to confer and coordinate with not only his co-counsel, reviewers, and supervisors at the United States Department of Justice (DOJ) but also his agency counsel in the Office of the Solicitor of the United States Department of the Interior (Interior) and in the Office of the Chief Counsel of the Financial Management Service of the United States Department of the Treasury (Treasury).

6. Defendant makes this request for additional time for the parties to file their JPSR, so that Defendant's counsel can have adequate time to complete the preparation of Defendant's portion -- and the associated scheduling proposal -- of the JPSR; submit the entire draft JPSR

and proposed schedule for review by the appropriate employees and officials at Interior, Treasury, and DOJ; incorporate or otherwise address comments by the agency reviewers; conduct further conferences with counsel for Plaintiff, if necessary; finalize; and file the JPSR.

7. While undersigned Defendant's counsel and his co-counsel have been and continue to working diligently in this case, they have also been and continue to be busy with work in two other Tribal trust accounting and trust mismanagement cases currently pending before the Court, namely, *Navajo Nation v. United States*, No. 1:06-cv-00945 (Fed. Cl.)(*Navajo Nation*), and *Pueblo of Laguna v. United States*, No. 02-24L (Fed. Cl.). Also, one of Defendant's co-counsel is on work-related travel on June 9-13, 2008.

8. Further, the reviewers and supervisors of undersigned Defendant's counsel and co-counsel have been and continue to be occupied with work-related travel and litigation of yet other Tribal trust accounting and trust mismanagement cases, including the 45 cases that are filed in the United States District Courts for the District of Columbia (D.C.) and in the three Districts of Oklahoma. Additionally, agency counsel at the Interior Department have been involved in the document production in the *Navajo Nation* case. Moreover, agency counsel at the Treasury Department has been occupied with work on the Tribal trust accounting and trust mismanagement cases, as well as the trial that is currently occurring in *Cobell v. Kempthorne*, No. 1:96-cv-1285-JR (D.D.C.), in the United States District Court for D.C.

9. Plaintiff's counsel provided Defendant's counsel with his draft of the proposed JPSR on or about June 3, 2008. Counsel for the parties convened a conference on June 11, 2008, to discuss the requirements of RCFC Appendix A and Plaintiff's draft.

10. Undersigned Defendant's counsel conferred with Plaintiff's counsel by telephone

on June 11, 2008, about this motion, and Plaintiff's counsel stated that Plaintiff opposes this motion.

11. The granting of this motion will not cause any undue delay or prejudice to the rights and interests of the parties herein. The litigation of this case has been stayed since December, 2002, and active litigation has been reinstated only in May, 2008. Further, the granting of the motion will promote the interests of judicial economy and conservation of the Court's and the parties' resources, by enabling the parties to prepare and file a reviewed and approved JPSR and proposed schedule. The denial of this motion will affect adversely, however, Defendant's interests and position, because it will deprive Defendant of the opportunity to submit the JPSR and schedule for full and complete review and comment, so that Defendant can provide the Court with the benefit of its well-considered input.

WHEREFORE, Defendant respectfully requests that its Motion for Enlargement be GRANTED.

Respectfully submitted this 11th day of June 2008,

RONALD J. TENPAS
Assistant Attorney General

s/ Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663

Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile 202.305.0506
Email: Robert.Rodrigues@usdoj.gov