IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JICARILLA APACHE NATION, f.k.a. JICARILLA APACHE TRIBE, | |
| Plaintiff, | |
| v. | No. 02-25L<br>Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO COMPLY WITH THIS COURT'S MAY 16, 2008 ORDER**

Plaintiff Jicarilla Apache Nation respectfully opposes Defendant's motion for a 12-day enlargement of time within which to file the Status Report and schedule required under this Court's May 16, 2008 Order, relying on the following points and authorities.

1. The litigation of this case has been stayed since 2002 while the parties engaged in an alternative dispute resolution ("ADR") program. On May 12, 2008, the parties filed a joint status report in which Plaintiff announced its intention to end its participation in the ADR process and reinstate the case on the Court's active docket. Dkt. 142. On May 13, 2008, Plaintiff filed a motion to vacate the stay of proceedings. Plaintiff further requested that the Court set a scheduling conference in this matter at its earliest convenience. Dkt. 143.

2. On May 16, 2008, the Court issued an order directing that, on or before June 13, 2008, the parties shall file a detailed joint status report indicating how this case should proceed, which shall include a proposed schedule. Accordingly, the Parties agreed to prepare a Joint Preliminary Status Report ("JPSR") under Appendix A of the Rules of the Federal Court of

Claims for this purpose.

3. After discussions and correspondence between the Parties regarding issues relevant to the JPSR, counsel for Plaintiff prepared an initial draft of the JPSR and transmitted it to counsel for Defendant on June 3, 2008. Plaintiff's position, as set forth in that draft, is that (a) this case has been pending more than six years and already has cost Plaintiff millions of dollars; (b) it is difficult for Plaintiff to endure such expensive and prolonged litigation; and (c) Plaintiff believes it is imperative to resolve the initial set of claims as soon as possible and opposes a schedule that would delay the trial of these claims.

4. On June 10, 2008, three days before the JPSR was due to be submitted, counsel for the Defendant contacted counsel for Plaintiff and, for the first time, said it was possible that Defendant would need a brief extension of time in order to complete and file the JPSR. Counsel for the Defendant inquired about an extension of five days (three working days) for this purpose and, as a matter of professional courtesy, counsel for Plaintiff responded that he would not oppose a request for such an extension.

5. The following day, however, counsel for the Defendant contacted counsel for Plaintiff and asked about a far longer enlargement -- for a total of 12 days (8 working days) -- until June 25, 2008. Counsel for Plaintiff announced his opposition to such an enlargement.

6. The enlargement being sought by Defendant amounts to almost a 50% increase of the ample four-week period originally established by the Court for preparation and submission of a status report and schedule.

7. Plaintiff seeks an expeditious resolution of its claims and, toward that end, a discovery schedule and pretrial process that are fair and efficient. Plaintiff wants to get to trial as quickly as reasonably possible. Plaintiff does not believe that Defendant shares this goal.

8. Plaintiff will not acquiesce in the further delay of this case. Absent good cause for the delay, Plaintiff will oppose requests by Defendant that would retard the development and trial of this case.

9. The bald assertions offered by Defendant in support of the requested enlargement of time – that Government counsel are busy and must coordinate Defendant's position with various agencies – do not establish good cause for granting Defendant 12 additional days beyond the allotted four weeks to prepare a status report and proposed schedule. "[A] motion for an enlargement must contain something more than counsel's bald assertion that additional time is needed." *Whorton v. United States*, 553 F.Supp. 400, 401, 1 Cl.Ct. 41, 42 (1982). "The 'press of other business,' unless unforeseeable or beyond counsel's control, is not adequate 'justification upon which to base an extension of the court's schedules.'" *M.R.K. Corp. v. United States*, 6 Cl.Ct. 544, 545 at n.* (1984).

WHEREFORE, it is respectfully submitted that Defendant's motion for an enlargement of time within which to provide this Court with a status report and proposed schedule should be denied.

Respectfully submitted this 12th day of June, 2008.

*s/ Steven D. Gordon*
STEVEN D. GORDON
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
Telephone: 202-955-3000
Fax: 202-955-5564

*Attorney of Record for Plaintiff*

# 5399664_v1