# In The United States Court of Federal Claims

No. 02-25L

(Filed: July 10, 2009)
_____

| | |
|---|---|
| JICARILLA APACHE NATION, formerly JICARILLA APACHE TRIBE,<br><br>          Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>          Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

_____

**ORDER**
_____

      In an order dated July 3, 2009, the court ordered defendant to produce certain documents by July 13, 2009. On July 9, 2009, defendant filed a motion requesting that the court extend the deadline for producing those documents by ninety days to October 13, 2009. In support of its motion, defendant contends that the added time is needed to provide for sufficient internal deliberation on whether to pursue an interlocutory appeal or other extraordinary appellate relief. Defendant contends that the original time allotted in the court's July 3, 2009 order is too short to allow the necessary government components to assess whether appellate review is warranted. Today, plaintiff filed its opposition, contending, *inter alia*, that the time defendant seeks is excessive. It notes, *inter alia,* that defendant has not previously sought appellate review of tribal trust privilege rulings that are arguably broader than the ruling rendered by this court.

      The court is well aware of all facets of defendant's process for determining whether to seek appellate relief. It is also well aware that the latter options are, to say the least, extremely limited. Furthermore, the issues that defendant claims it needs months to consider are not ones of first impression. As noted in the July 3, 2009, order, the government previously has been ordered by this court to produce tribal trust administration documents under the fiduciary exception. *See Osage Nation v. United States*, 66 Fed. Cl. 244, 253 (2005). And in that instance, after being given four days to comply, defendant requested only an additional week, at which time it produced the documents. Moreover, as in *Osage*, the protective order in this case ensures that documents will not be disclosed to third parties. And defendant stated in its motion that it

has already created a CD of the documents ordered to be produced, so there is no concern that the court's original deadline imposed an impractical burden meriting additional time.

Finally, the court would be remiss if it did not note that this case has been pending for seven years. Documents and witnesses continue to age and the court is hesitant to countenance any further delay of this matter, particularly that which does not appear to be fully justified.

Accordingly:

1. Treating defendant's motion to stay as a motion for an extension of time to produce the documents the court has ordered disclosed, that motion is **GRANTED** in part, and **DENIED** in part;

2. On or before **August 10, 2009**, defendant shall produce to plaintiff all the documents (or the designated portions thereof) listed in part IV. (1)(a) of the court's July 3, 2009, order;

3. On or before August 17, 2009, the parties shall file a joint status report indicating how this case should proceed;

4. **No further enlargements of these deadlines will be granted and all other deadlines established by the July 3, 2009, order remain unaffected.**

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge