# In The United States Court of Federal Claims

No. 02-25L

(Filed: February 19, 2010)
_____

JICARILLA APACHE NATION, formerly
JICARILLA APACHE TRIBE,

          Plaintiff,

  v.

THE UNITED STATES,

          Defendant.

_____

**PROTECTIVE ORDER**
_____

      This matter is before the court on Defendant's Unopposed Motion for a Protective Order. Upon consideration of the unopposed motion, the court finds that good cause exists for approval and entry of a protective order pursuant to RCFC 26(c) and Fed. R. Evid. 502(d). Entry of this order will accomplish the dual purposes of enabling discovery to proceed in this case while preserving defendant's claim of privilege over certain documents, pending any additional appellate review of this court's and the Federal Circuit's rulings on the applicability of the fiduciary exception to the attorney-client privilege in the case. *See* Docket Numbers ("Dkt. No.") 216, 225.

      **IT IS, THEREFORE, ORDERED**:

      1.  **Scope**. This order shall govern the documents that, in the Order dated July 3, 2009, Dkt. Nos. 211, 216, this court has directed that defendant produce to plaintiff. Also, this Order shall govern all other documents hereinafter produced by defendant in this case in conformance with the decision in *In re United States*, 590 F.3d 1305 (Fed. Cir. 2009), and that defendant claims to be protected from discovery by virtue of the attorney-client privilege, in the absence of the application of the fiduciary exception, as defined in *In re United States*. Further, this order shall govern any deposition testimony given hereinafter that defendant claims to be protected from discovery by virtue of the attorney-client privilege, in the absence of the application of the fiduciary exception, as defined in *In re United States*.

      2.  **Non Waiver**. Production of documents and records by defendant pursuant to this order shall not be deemed a waiver of any claim of privilege in this court, this case, or any other Federal or State proceeding.

3. **Term.** This order shall become effective immediately, and it shall remain so, until after defendant has exhausted all additional appellate remedies with respect to *In re United States*, or until after all deadlines to pursue additional appellate remedies with respect to *In re United States*, have expired. In particular, this order shall remain effective until the later of the following events:

a. The expiration of defendant's time to seek rehearing of *In re United States*, with the Federal Circuit, including all extensions of deadlines granted by the Federal Circuit;

b. Final disposition and the issuance of a mandate (if any shall be issued) by the Federal Circuit upon rehearing of *In re United States*;

c. Expiration of defendant's time to petition for certiorari to the Supreme Court for review of the opinion in *In re United States*, or any opinion or decision issued by the Federal Circuit upon rehearing in *In re United States*, including all extensions of deadlines granted by the Supreme Court;

d. Denial of any petition for certiorari by the Supreme Court as described in subparagraph (c) above; or

e. Final disposition of any certiorari proceedings by the Supreme Court in response to a petition for certiorari as described in subparagraph (c) above, including and extending through any further action by this court in response to the disposition by the Supreme Court.

4. **Copying and Labeling.** Documents or records subject to this order shall be stamped or otherwise labeled with the legend "PRIVILEGED OR CONFIDENTIAL—DO NOT DISCLOSE," and, if practical and reasonable under the circumstances, copies of electronic data, documents, or records shall also include the legend "PRIVILEGED OR CONFIDENTIAL—DO NOT DISCLOSE" in the file name and in a conspicuous place on the exterior of the CD-ROM, DVD, diskette, or other medium containing the record copies.

5. **Depositions**. If documents or records subject to this order are used as exhibits at deposition, the parties shall, upon receipt of the transcript of the deposition, designate any pages thereof quoting from or paraphrasing the documents or records subject to this order, and those pages shall be stamped with the legend "PRIVILEGED OR CONFIDENTIAL—DO NOT DISCLOSE" and shall themselves be deemed to be protected records for purposes of this order.

6. **Confidential Documents and Records**. Any document or record produced by defendant to plaintiff pursuant to this order shall be kept strictly confidential by plaintiff, and plaintiff may disclose or provide access to such document or record only pursuant to this order, upon further order of the court, or as otherwise agreed in writing by the parties. Plaintiff shall not use the documents or records subject to this order, or their contents, for any purpose other than this case or any related administrative proceedings before the United States Department of the Interior.

7.      **Further Disclosure or Access**.  Unless otherwise authorized under paragraph 6 above, each party may disclose or provide access to any documents or records subject to this order only to the following: (a) attorneys of record in this case and attorneys, paralegals, and office support staff working with the attorneys of record in the course of representing the parties herein; (b) plaintiff's tribal officials, witnesses, and experts, consultants, contractors, court reporters, and copying or computer service personnel retained by the parties or the parties' attorneys to assist in this case, and persons in their employ, *provided that* those individuals execute an acknowledgment as defined in paragraph 6 of the Confidentiality Agreement and Protective Order, Dkt. No. 69, before they gain access to such documents or records subject to this order; and (c) the court or any settlement judge to whom this case is referred by court order, and the settlement judge's staff, consistent with paragraph 8 below.

8.      **Filings and Submissions**.  The parties shall not file with the court, in this case and at any time, any motion, brief, pleading, or other filing or submission which attaches, quotes, or paraphrases any document or record that is subject to this order, unless the subject portion of such filing or submission is filed under seal.  Filings under seal shall be done by CM/ECF and pursuant to the RCFC 5.2(d) and Appendix E, paragraph 11.  In the event that the Federal Circuit's opinion in *In re United States*, is modified or reversed, any documents filed pursuant to this order shall not be unsealed by the Clerk upon termination of this action under RCFC 77.3(c).

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge