# In The United States Court of Federal Claims

No. 02-25L

(Filed: March 25, 2010)
_____

JICARILLA APACHE NATION, formerly
JICARILLA APACHE TRIBE,

          Plaintiff,

  v.

THE UNITED STATES,

          Defendant.

_____

**ORDER**

_____

      In response to this court's order of February 22, 2010, the parties, on March 12, 2010, filed a joint memorandum setting forth their separate positions regarding how discovery should be completed in this case. Plaintiff asserts that fact discovery should be completed by April 30, 2010, with several additional months allowed for the completion of expert discovery. Defendant, for its part, offers no date for the completion of discovery, suggesting, rather, that the court should order periodic status reports on its progress. Neither position is reasonable or acceptable. Nor, in the court's view, does either position reflect adequate good faith efforts to reach accommodation on issues critical to the "speedy[] and inexpensive determination" of this case. RCFC 1.

      The rules provide this court with broad authority to manage the schedule of litigation. *See, e.g., McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) (observing that "[t]rial courts are given broad latitude in managing and scheduling cases"). Rule 16, in particular, provides that this court shall enter a scheduling order that "limit[s] the time to . . . complete discovery" in this matter. RCFC 16(b)(3)(A). By fixing time limits, the court's scheduling order serves to:

> stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material. Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation. Litigants are forced to establish discovery priorities and thus to do the most important work first.

Fed. R. Civ. P. 16 advisory committee note (1983) (quoting Report of the Nat'l Comm'n for the Review of Antitrust Laws and Procedures 28 (1979)); *see also Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 354 (D. Kan. 1991).  Such an order should neither set deadlines which impose an "undue burden or expense" on a party, RCFC 26(c)(1), nor, on the other hand, countenance "procrastination and delay by attorneys."  Fed. R. Civ. P. 16 advisory committee note (1983).  A careful balancing of these considerations is required, *inter alia*, to protect the integrity of this court's pretrial procedures.  *See Burton v. United States*, 199 F.R.D. 194, 196 n.5 (S.D. W. Va. 2001).

In this case, the court, of course, must set a schedule that provides adequate time for the handling of a large number of documents.  It must weigh the fact that this matter, owing primarily to the aborted alternative dispute efforts, has been pending more than eight years.  That schedule also must account for proper assertions of privilege, albeit presumably less assertions given the Federal Circuit's recent decision in *In re United States*, 590 F.3d 1305 (Fed. Cir. 2009), and the protective orders issued after that decision.  But, that same schedule must be sensitive to harms that might occur by the simple passage of time, including the potential loss of relevant evidence as memories grow stale.  *See Jicarilla Apache Nation v. United States*, 2010 WL 391514, at *5 (Fed. Cl. Feb. 1, 2010).  In the court's view, the parties have not adequately weighed all these interests and so it falls to the court to consider details that are ordinarily reserved for less formal conversations among counsel.  To do that, the court must be equipped with the facts – all the more so, given the parties' comments regarding the prior deadlines that were established in this case.

Accordingly, a status conference will be held in this case on Thursday, April 8, 2010, at 10:00 a.m.(EDT) at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005, to discuss a schedule for completing discovery.  The courtroom location will be posted in the lobby on the day of the conference.  The parties shall be prepared to discuss, in detail (and provide supporting statistics and other documents, as required), the following:

1. A listing of all pending discovery requests and the status of the responses thereto;

2. A list of discovery requests, if any, that each party is prepared to withdraw;

3. The amount of attorney time, and the amount of contractor time and/or cost, that each party has expended on document review and production since the conclusion of the alternative dispute resolution phase of this case (these statistics should be broken down to reflect at least quarterly activity);

4. An estimate as to the amount of attorney and contractor time defendant needs to review and produce the AIRR document collection;

5. An estimate as to the amount of time defendant needs to complete secondary review of the AIRR collection;

6. An estimate as to the amount of time defendant needs to complete privilege review of the Fort Worth FRC, MMS Dallas Compliance Office, and Denver FRC document collections;

7. The potential use of clawback arrangements to limit the time needed for pre-production secondary document review;

8. The timing and logistics surrounding any pending RCFC 30(b)(6) deposition requests;

9. The need for modifying existing protective orders; and

10. The desirability of establishing a fixed trial date.

Should, at or before the status conference, the parties come forth with a mutually agreeable discovery schedule, the court likely will look favorably upon such a proposal. Barring such an agreement, the court will, at the conclusion of the conference, establish firm deadlines for the completion of discovery in this case and/or the initiation of a trial.

    Plaintiff's counsel is instructed to provide a copy of this order to its client. Defendant's counsel is instructed to provide a copy of this order to the supervising Deputy Assistant Attorney General. Both parties shall file with the court a notice reflecting their compliance with this proviso.

    **IT IS SO ORDERED**.

    s/ Francis M. Allegra
    Francis M. Allegra
    Judge