# In the United States Court of Federal Claims

No. 02-25L

(Filed:  June 30, 2010)
_____

| | | |
|---|---|---|
| JICARILLA APACHE NATION, formerly | * | |
| JICARILLA APACHE TRIBE, | * | |
| | * | Implementation of clawback agreement |
| Plaintiff, | * | under RCFC 26(c) and Fed. R. Evid. 502(d); |
| | * | Modification of Confidentiality Agreement |
| v. | * | and Protective Order. |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

_____

## PROTECTIVE ORDER

_____

This matter is before the court on the parties' joint stipulation and proposed order pursuant to RCFC 26(c) and Fed. R. Evid. 502(d).[1]  These filings stem from discussions held at a status conference held on April 8, 2010, at which the court, with the parties' cooperation, resolved various issues involving discovery in this matter and, *inter alia*, established a schedule for the completion of discovery as to the first phase of this complex litigation.  That schedule was incorporated in an order issued on April 9, 2010.

Upon consideration of the joint stipulation and proposed order and for good cause shown, it is hereby **ORDERED** as follows:

---

[1]  Rule 502(d) provides that "[a] Federal court may order that the [attorney-client] privilege . . . is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other Federal or State proceeding."  That rule was enacted by Congress in 2008.  *See* Pub. L. No. 110-332, § 1(a), 122 Stat. 3537.  The legislative history indicates that the rule was adopted to resolve "longstanding disputes in the courts about the effect of certain disclosures of communications or information protected by the attorney-client privilege" and to avoid the notion that issues regarding the application of the privilege had to be litigated to the hilt in order to avoid inadvertent waivers of the privilege.  154 Cong. Rec. S1317-19 (Feb. 27, 2008) (statement of Sen. Leahy); *see also* 154 Cong. Rec. H7818-19 (Sept. 8, 2008) (statement of Rep. Jackson-Lee); *Jicarilla Apache Nation v. United States*, 91 Fed. Cl. 489, 494 & n.5 (2010).

A.        **Scope and Production Format**

1.  This Order shall govern the following document image collections, as defined by the Department of Justice's sub-contractor responsible for the imaging and coding of the AIRR Documents:

> 1) "Greenbar Scanning" (71,505 images)
> 2) "Fiche Scanning" (936,484 images)
> 3) "Roll Film Scanning" (55,101 images)

The foregoing document image collections shall be referred to as the "AIRR Protective Order Materials."

2.  This Order shall not apply to any AIRR Document Images that are not AIRR Protective Order Materials or otherwise identified in Paragraph 1 above.

3.  Counsel for the United States shall obtain and provide promptly to counsel for plaintiff the Bates numbers identifying the AIRR Protective Order Materials that are described in paragraph 1, *supra*.  After the provision of the relevant Bates numbers, the parties' counsel shall file an amended Joint Stipulation and proposed Order incorporating the Bates numbers, as appropriate.

4.  This Order governs the AIRR Protective Order Materials for all purposes related to this case, including but not limited to litigation, alternative dispute resolution ("ADR") or other formal dispute resolution process, and informal settlement discussions.

5.  Because the United States will not perform an individualized confidentiality review of the AIRR Protective Order Materials prior to production to plaintiff, the United States will endorse all AIRR Protective Order Materials as "Confidential Records," as that term is defined in the Confidentiality Agreement and Protective Order in this case ("CAPO").  *See Jicarilla Apache Nation v. United States*, 60 Fed. Cl. 413 (2004).  The provisions of the CAPO shall apply to the handling and protection of the confidentiality of the AIRR Protective Order Materials.

6.  Any images or copies of AIRR Protective Order Materials that are provided to plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE."  If the images or copies of the AIRR Protective Order Materials are electronic and contained on a CD-ROM, DVD, portable hard drive, diskette, or other medium, the exterior of the CD-ROM, DVD, portable hard drive, diskette, or other medium shall bear the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" as part of the file title or in a conspicuous place on the exterior of the medium.

7.  As set forth in Paragraph 12 of the CAPO, and subject to the conditions set forth in that paragraph, the persons authorized to have access to AIRR Protective Order Materials are: "(a) attorneys of record in this action and attorneys, paralegals, and support staff in their offices

in the course of representing the parties herein; (b) Plaintiff's tribal officials, witnesses, and experts, consultants, contractors, court reporters, and copy or computer service personnel retained by the parties or the parties' attorneys to assist in this case and persons in their employ;" and (c) the court and its staff.  60 Fed. Cl. at 416-17.  Any person who has authorized access to the AIRR Protective Order Materials shall employ reasonable measures, consistent with this Order, to prevent duplication of, access to, and distribution of the AIRR Protective Order Materials by any unauthorized person.

8.  Upon the final termination of this case, any AIRR Protective Order Materials that relate to plaintiff and that have not been "clawed back" by the United States based on a claim of attorney-client privilege or work-product protection may be retained by plaintiff and may be used and disclosed as plaintiff deems appropriate and in a manner consistent with the provisions of any other applicable protective orders in this case.  Any AIRR Protective Order Materials that relate to other individual Indians or Indian tribes shall be disposed of in accordance with the provisions of the CAPO.  *See* 60 Fed. Cl. at 417-18.

## B.       Privileges or Protection

9.  Pursuant to Fed. R. Evid. 502, the production of documents and data pursuant to this Order shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data.  Also, the production of privileged or protected documents or data under this Order shall not result in the waiver of the attorney-client privilege or work-product protection as to those documents and data in any other federal or state proceeding.

10.  If the United States determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, the United States' counsel shall notify plaintiff's counsel promptly of its claim.  As part of the notification, the United States' counsel shall identify, by Bates number(s), the document(s) as to which the United States is asserting a claim of privilege or protection.

11.  Plaintiff's counsel shall notify the United States' counsel upon identification of any document(s) or data which appears to be potentially privileged or protected.  Such notification shall not waive plaintiff's ability to challenge any assertion of privilege or protection made by the United States as to the identified document(s).  As part of the notification, plaintiff's counsel shall identify, by Bates Number(s), the document(s) or data at issue.  Plaintiff's counsel shall segregate the specified document(s) or data, as well as any copies thereof, from the other materials, and plaintiff's counsel shall not use the information in the potentially privileged or protected document(s) or data, except as provided by RCFC 26(b)(5)(B), for a period of 14 days after the date on which plaintiff's counsel notifies the United States' counsel.  Within that 14-day period, or any other period of time agreed to by the parties, the United States shall determine whether it will assert a claim of privilege or protection as to the identified document(s), and its counsel shall notify plaintiff's counsel of its determination.

12.  Upon receiving notice of a claim of privilege or protection by the United States regarding a produced document or data, plaintiff's counsel shall segregate, with promptness and in accordance with RCFC 26(b)(5)(B), the specified document or data, as well as any copies thereof, and plaintiff's counsel shall not use the information in the specified document or data, except as provided by RCFC 26(b)(5)(B), until after the claim is resolved.  If the court upholds – or if plaintiff does not challenge – the United States' claim of privilege as to a produced document or data, plaintiff shall return or dispose of the specified document or data, as well as any copies thereof, in accordance with the provisions of the CAPO.  *See* 60 Fed. Cl. at 417-18.

## C.      Other Protective Orders

13.  The provisions of this Order supplement those contained in the CAPO.  The United States may invoke provisions of the protective order that is Docket No. 239, as appropriate, with respect to documents identified pursuant to Paragraph 10 and/or 11 of this Order.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge