# In The United States Court of Federal Claims

No. 02-25L

(Filed: September 12, 2011)

_____

|                                                    |   |
|----------------------------------------------------|---|
| JICARILLA APACHE NATION, formerly JICARILLA APACHE TRIBE, | * * * |
| Plaintiff, | * * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * * * * |

_____

**ORDER**

_____

      On June 6, 2011, plaintiff filed a motion *in limine* to exclude the testimony of defendant's proffered expert, Dr. William G. Hamm. On June 23, 2011, defendant filed its opposition to this motion. On that same date, defendant filed its own motion *in limine* to exclude damages calculations that post-date September 30, 1992. On July 5, 2011, plaintiff filed its reply to its motion in limine. On July 11, 2011, plaintiff filed its opposition to defendant's motion *in limine*. On July 18, 2011, defendant filed its reply to its motion *in limine*.

      Trial judges have considerable discretion in deciding when and how to resolve motions *in limine*. *See*, *e.g.*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Kelly v. City of Oakland*, 198 F.3d 779, 786 (9th Cir. 1999). That discretion is particularly broad when the motion raises an evidentiary question. *See Bowman v. Corrections Corp. of America*, 350 F.3d 537, 547 (6th Cir. 2003). In applying this discretion, a court should not exclude evidence before trial unless it is clearly inadmissible on all potential grounds. *See Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554, 557 (N.D. Ill. 2008); *River v. Stover*, 2010 WL 3835543 (D. Ariz. Feb. 23, 2010).

      The court concludes that Dr. Hamm's analysis, expert report and testimony may "assist the trier of fact to understand the evidence or to determine a fact in issue" and should not be excluded. Fed.R. Evid. 702. Accordingly, it denies plaintiff's motion *in limine*. The court also denies defendant's motion *in limine*. In phasing the trial of this case, it has always been the court's intention to resolve all liability and damages issues associated with a given phase. Whether the trial of this first phase of the case will result in the certification of a judgment under RCFC 54(b) obviously remains to be seen. But, the court believes that plaintiff's post-1992 damage calculations are relevant and should not be excluded based upon the potential validity *vel non* of its underlying legal theory.

      Accordingly, both motions *in limine* – that filed by plaintiff and that filed by defendant – are hereby **DENIED**.

      **IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge