# In The United States Court of Federal Claims

No. 02-25L

(Filed: October 31, 2011)

_____

JICARILLA APACHE NATION, formerly
JICARILLA APACHE TRIBE,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.

_____

**ORDER**

_____

    Today, the court conducted a pre-trial conference in this case. Participating in this conference were Mr. Steven Gordon, for plaintiff, and Mr. Stephen Terrell, for defendant. For the reasons discussed at this conference, the court hereby orders the following:

1. Trial in this case will commence at 10:00 a.m. (EST) on Tuesday, November 8, 2011, at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington D.C. 20005. The courtroom location will be posted in the lobby on the day of the conference. Each subsequent day of trial will begin at 9:30 a.m. (EST), unless otherwise ordered.

2. During the pre-trial conference, the parties indicated that they had tentatively agreed that one witness, Sue Lara, would testify by videoconference. The parties, however, were not in agreement as to how this videoconference would transpire. Accordingly, on or before November 4, 2011, defendant shall file a notification as to whether these difficulties have been worked out or that Ms. Lara will testify in person.

3. The parties sought leave to file the deposition testimony of James Middleton and Robert Winter in lieu of live testimony, pursuant to RCFC 32(a)(3). They will be permitted to do so. Pursuant to this court's order of October 31, 2011, the parties may also file the deposition testimony of

another witness, Gabriel Abeyta, in lieu of live testimony.  The parties are instructed to highlight or otherwise identify the portions of each deposition designated by it for admission into evidence.

4. The parties shall each have twenty minutes for opening statements. Plaintiff will go first, then defendant.

5. Regarding exhibits:

   a. At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections.  At that time, the court will rule on any objections to exhibits that do not require live testimony.  Objections to exhibits that require live testimony will be considered at the appropriate time.  The parties shall consult with each other to avoid introducing duplicate exhibits.

   b. On or before November 4, 2011, the parties shall supply two pre-marked copies of the hard copy exhibits they intend to offer in this case, and four CD-ROM sets containing pre-marked copies of electronic exhibits. All documents on the CD-ROM sets shall be bates-stamped or otherwise electronically marked to allow for ready identification of individual pages. The hard copies shall be in binders, with tabbed dividers between each individual exhibit—the spines of the binders shall indicate the exhibits contained therein in large-faced type. The parties shall ensure that, prior to trial, the court has the software needed to view the exhibits on the CD-ROMs and shall, if necessary, provide a licensed copy of such software to the court for its use during the pendency of this case.

6. Regarding witnesses:

   a. The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.

   b. Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

   c. Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and

       prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

       d.    Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (e.g., stipulated matters).

7.    The court may require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of trial.

8.    Closing argument will be held on a date to be established.

9.    Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

                                               s/Francis M. Allegra
                                               Francis M. Allegra
                                               Judge