# In The United States Court of Federal Claims

No. 02-25L

(Filed: November 7, 2011)

_____

| | |
|---|---|
| JICARILLA APACHE NATION, formerly JICARILLA APACHE TRIBE,<br><br>                    Plaintiff,<br><br>      v.<br><br>THE UNITED STATES,<br><br>                    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Motion to exclude supplemental expert report; RCFC 26 – expert disclosures; RCFC 26(e)(1)(A) – definition of what is a "supplement" to an expert report; Report that provided substantive calculations that were purposely excluded from earlier report was not a supplement; RCFC 37 – exclusion of expert report for failure to comply with discovery order; Exclusion under rule was warranted. |

_____

**ORDER**

_____

    *Steven D. Gordon*, Holland & Knight, Washington, D.C., for plaintiff.

    *Stephen R. Terrell,* Environmental and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Ignacia S. Moreno*, for defendant.

**ALLEGRA, Judge:**

    On October 28, 2011, Jicarilla Apache Nation (plaintiff) filed a motion to strike the supplemental expert report of Dr. Gordon Alexander and to exclude from trial any testimony by Dr. Alexander based on that report.  Plaintiff alleges – and defendant does not deny – that the supplemental report was provided to plaintiff on the evening of October 27, 2011, long after the close of expert discovery in this matter and less than two weeks before the beginning of trial in this matter.  Plaintiff claims that the report is not a "supplement," but rather breaks new evidentiary ground.  Defendant has filed an opposition to plaintiff's motion, in which it rejoins that the supplemental export report merely provides calculations to support claims made by Dr. Alexander in his original report.

    RCFC 26 governs the mandatory disclosure of expert testimony.  RCFC 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence."  For witnesses "retained or specially employed to provide expert testimony in the case," the party must also submit a written expert report that contains, *inter alia*,

"a complete statement of all opinions the witness will express and the basis and reasons for them." RCFC 26(a)(2)(B). These disclosures must be made "at the times and in the sequence that the court orders." RCFC 26(a)(2)(C). In this case, the timing of those disclosures was controlled by a discovery schedule set forth in this court's order of April 9, 2010, which required expert reports to be submitted by March 25, 2011, and expert depositions to be completed by May 31, 2011.

Both this court's order and RCFC 26 envision that a party may supplement a prior expert report. Ordinarily, supplements are reserved for situations in which a prior disclosure is found to be "incomplete or incorrect." RCFC 26(e)(1)(A). The purpose of such supplements is to "inform the opposing party of any changes or alterations," *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999), not "to provide an extension of the ... report production deadline," *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). *See also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996); *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008). In the court's view, Dr. Alexander's recent report does not serve the purposes of a true supplement – it does not suggest that his initial report contained inaccuracies or that he had discovered new information. *See Gallagher*, 568 F. Supp. 2d at 631 (noting that courts have "rejected attempts to . . . 'supplement[ ]' an expert report with a 'new and improved' expert report"); *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003) ("[Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to . . . ."); *Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (2011). Rather, it offers calculations that, in at least one form, were available at the time his initial report was submitted, but that were purposely omitted from that report. In the court's view, this information is substantive and in no way supplemental. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 2009 WL 3672373 at *15 (D.N.M. Sep. 24, 2009) (supplemental report excluded where all the information necessary to make calculation of higher damages was available to plaintiff and its expert before the date of disclosing his expert report, and where plaintiff and expert consciously and intentionally chose not to make any calculation of those damages before the deadline for doing so).

The next question is whether the court should exclude the report and any related testimony by Dr. Alexander based on RCFC 37(c)(1). Under RCFC 37(c)(1), a failure to comply with RCFC 26(a) or (e), or an order issued thereunder, including provisions specifying the timely service of reports, requires exclusion of a late-filed report unless "the failure was substantially justified or is harmless." *See Tenbarge*, 190 F.3d at 865 (discussing this requirement in the analogous Federal Rules of Civil Procedure). Courts generally employ a multi-factor test in deciding whether exclusion under Rule 37 is appropriate, focusing on: (i) the importance of the expert testimony to be possibly excluded; (ii) the offering party's explanation for failure to disclose; (iii) the potential prejudice created by permitting the use of the expert testimony at trial; and (iv) the ability to cure any prejudice by granting a continuance. *See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003); *Citizens Bank of Batesville, Ark. v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994); *see also Deseret Mgmt.*, 97 Fed. Cl. at 275; *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 221, 226-27 (2010) (applying similar factors).

In this case, these factors weigh heavily in favor of excluding the document in question (and related testimony). In particular, the court finds that defendant has not provided an adequate excuse for its delay in providing these materials to plaintiff at such a late date. Defendant's claim that it was awaiting the resolution of its partial motion to dismiss before ordering Dr. Alexander has a decidedly hollow ring. Defendant filed that partial motion to dismiss only a week before expert reports were due and should not have anticipated that the resolution of that motion would have any impact on the schedule of other activities in this case. Indeed, at the bimonthly status conferences it regularly has held in this case, the court has repeatedly made clear that the trial in this matter would proceed the second week of November, 2011. In addition, the court firmly believes that plaintiff would be seriously prejudiced if these materials are admitted. The court rejects defendant's blithe claim that plaintiff's counsel has had ample time to analyze the supplemental materials, without the benefit of a further deposition, while also preparing for the two-week trial that is to commence in this case tomorrow. Accordingly, the court finds that exclusion of the late-filed report and any testimony based thereupon is warranted under RCFC 37.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge