# In The United States Court of Federal Claims

No. 02-25L

(Filed:  February 23, 2015)

| | |
|---|---|
| JICARILLA APACHE NATION, <br> formerly JICARILLA APACHE TRIBE, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Stipulation; Procedure ordered; Stipulation to be comprehensive; Form and exhibits; Binding effect; Impact of noncompliance. |

**ORDER**

*Steven D. Gordon*, Holland & Knight, Washington, D.C., for plaintiff.

*Stephen R. Terrell,* Environmental and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *John C. Cruden*, for defendant.

**ALLEGRA, Judge:**

On October 20, 2014, this court issued a pre-trial order for phase two of this case.  That order required that, on or before February 17, 2015, the parties file a stipulation setting forth all factual matters as to which they agree.  The parties failed to file that stipulation.

The parties' obligations and deadlines under this court's October 20, 2014, order, including the scheduled trial, are hereby **STAYED**.  On or before March 20, 2015, the parties shall file a stipulation of factual matters in accordance with the following requirements:[1]

---

[1] In drafting this order, the court has considered and been guided by the stipulation provisions employed by the United States Tax Court.  *See* Rules of Practice and Procedure of the United States Tax Court, Rule 91.  The mandatory stipulation process of the Tax Court has been

1. **Stipulation Required.** The parties shall stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged, which are relevant to the pending case, regardless whether such matters involve fact or the application of law to fact.  Included in the matter required to be stipulated are all facts, all documents, and papers or contents or aspects thereof, electronically stored information (ESI), and all other evidence which fairly should not be in dispute.  Where the truth or authenticity of facts or evidence claimed to be relevant by one party is undisputed, an objection on the grounds of materiality or relevance may be noted by any other party in a separate filing, but is not to be regarded as just cause to refuse to stipulate.  The requirement of stipulation will apply without regard to where the burden of proof may lie with respect to the matters involved.

2. **Stipulation to be Comprehensive.** The fact that any matter may have been obtained through requests for admission, any other form of discovery, or through any other authorized procedure is not grounds for omitting such matter from the stipulation.  Prior discovery or other forms of requests for admission should be regarded as aids to stipulation and matters obtained through them must be set forth comprehensively in the stipulation, in the context of all other provisions of the stipulation.  Documents, papers or other exhibits annexed to or filed with the stipulation shall be considered to be part of the stipulation.

3. **Form.** The stipulation required by this order shall be executed by the parties or their counsel.  The stipulation shall be extensive, clear and concise; the matters must be set forth in a logical order.  Separate items shall be stated in separate paragraphs and shall be appropriately lettered or numbered.  While this court's normal electronic filing rules shall apply, in addition, an electronic copy of the stipulation shall be filed with the court via CD-ROM or DVD.

4. **Exhibits.** Documents, papers, or other exhibits meeting the requirements of paragraph one shall be filed with the stipulation, should be attached to the stipulation and should be considered a part of the stipulation.  The stipulation should be in electronic searchable form, including exhibits.  Documents or other papers, that are the subject of stipulation in any respect and that the parties intend to place before the court, shall be attached to or filed with the stipulation.  Exhibits attached to a stipulation shall be numbered serially, *i.e.*, 1, 2, 3, *etc*.

5. **Binding Effect.** A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted

---

characterized as the "bedrock of Tax Court practice." *Branerton Corp. v. Comm'r of Internal Revenue*, 61 T.C. 691, 692 (1974); *see also Farrell v. Comm'r of Internal Revenue*, 136 F.3d 889, 893 (2d Cir. 1998).

by the court or agreed upon by those parties. The court will not permit a party to the stipulation to qualify, change, or contradict a stipulation in whole or in part, except that the court may do so where justice requires. *See generally Christian Legal Soc. Chapter of the Univ. of Cal., Hastings College of Law v. Martinez*, 561 U.S. 661, 676 (2010); *Bates v. United States*, 450 F.2d 886, 888 (Ct. Cl. 1971) (adopting Trial Comm'r opinion). The stipulation shall be binding and have effect only in phase 2 of this case, and not for any other purpose. The stipulation, when filed, need not be offered formally to be considered in evidence.

6. **Noncompliance by Party.** Failure to comply with this order (including a refusal or failure to make such a stipulation of any matter within the terms of this order) will be viewed as grounds for the court to issue an order to show cause why sanctions should not be imposed on the noncomplying party. Among the sanctions that may be considered is a ruling that certain matters be admitted.

The parties are advised that the court will not reschedule trial in this case until the parties file a joint stipulation of facts that fully complies with this order.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge